MILLER and HORNBECK, JJ, concur.

───────────────

**MILLER, Plaintiff-Appellee, v. BEARD, Defendant-Appellant.**

Ohio Appeals, Second District, Greene County.

No. 566. Decided October 28, 1955.

Peterson & Neatherton, Xenia, for plaintiff-appellee.
Miller & Finney, Xenia, for defendant-appellant.

(CONN, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment for plaintiff for the sum of $420.00 with interest and costs entered on a verdict of a jury. Plaintiff sued upon an alleged oral contract between herself and defendant whereby she agreed to clean up a farm house into which she and her husband were moving for which services she was to be paid reasonable compensation. She prayed in her petition for $450.00 and the jury awarded her $420.00. Defendant answered by a general denial and in a cross-petition asserted that plaintiff and her husband were joint tenants under a farm lease with defendant for a period beginning March 1, 1951. The dwelling upon which plaintiff claims to have done the work was the residence on the farm rented. Defendant pleads a complete settlement between himself and the Millers on December 4, 1953 for two years ending March 1, 1954. He then recites the terms of the lease under which he claimed the parties operated and in the first cause of action sets up certain charges against the Millers and in the second cause of action pleads other charges against them; in the third cause of action avers that the tenants threaten to terminate the rental agreement without keeping their year's tenancy and the feeding of livestock which is ready for sale. The prayer of the cross-petition is for an accounting and for damages totaling $600.00 and for such other relief as he is entitled in law or equity. Defendant also moved to consolidate this case with another case on the docket of the Common Pleas Court of Greene County wherein Roger Miller was plaintiff and Elmer Beard was defendant in which it was asserted the same subject matter was involved as in the instant case all of which required an accounting. This motion was overruled.

It further appears that in the instant suit the plaintiff in answering the defendant's cross-petition, admitted that she and her husband were tenants on the farm of defendant until March 1, 1954 and so continued to operate the farm until February 1955. This was assigned as further reason for the consolidation. After the cause came on for trial, defendant moved for leave to amend her answer by deleting that portion thereof which admitted that she was a tenant with her husband on the farm of defendant. This was granted and the amendment was made.

During the progress of the trial, plaintiff introduced her Exhibit No. 1 headed "Greene County Farm Lease" wherein the defendant was designated as the landlord and Roger L. Miller as the tenant, which was signed by defendant and Roger L. Miller and witnessed by plaintiff and her son and bears the date of August 31, 1951. Testimony was offered tending to show that this purported farm lease was not the original and controlling lease between the parties but that the real agreement was oral in which both plaintiff and her husband were to be the tenants. Considerable testimony was forthcoming to the effect that plaintiff's Exhibit No. 1 was prepared for the accommodation of plaintiff in con-

nection with a loan which she or they, the Millers, were receiving from a farm agency.

The trial judge refused to give defendant's special charge No. 1 requested to be given before argument, and ruled that the cross-petition was not proper and could not be considered by the jury and in the general charge said to the jurors:

"In this case defendant's pleading contains a cross-petition which the court has ruled, is not proper in this case and the jury should not consider the cross-petition for the reason that the only signature on the lease was that of Mr. Miller."

Appellant assigns nine errors which we will consider chronologically.

The first and second assignments assert that the court erred in overruling defendant's motion to consolidate the instant case with the case of Roger Miller against Elmer Beard. The instant action was based upon the claim that there was an express oral contract between the plaintiff and the defendant whereby she was to render the services, the subject matter of her suit. In it no suggestion that she was a tenant of defendant was made. The husband's action likewise was based upon the contention that he was the sole tenant. Defendant claimed that both the Millers were his tenants but Roger was not a party to the action on trial. Even though plaintiff was a joint tenant on the farm, that relationship, in itself, would not necessarily include the obligation of plaintiff to perform the service for which she seeks payment.

The test as to consolidation of action is: Does it clearly appear that the parties are the same and the causes of action identical? **Brigel v. Creed, 65 Oh St 40;** Trout v. Marvin, 24 O. C. C. 333.

The court did not err in refusing the consolidation at the time the motions were overruled.

The third assignment is that "the court erred in sustaining a motion permitting plaintiff to file an amended answer to defendant's cross-petition on the morning of the trial taking defendant by surprise and requiring him to his prejudice to go into the immediate trial to the jury."

This assignment is not well made. If the plaintiff desired to amend her answer to conform to the facts as she expected her testimony to prove that was her privilege. The inconsistency in her statements in the former and the amended answer were proper questions for consideration of the jjury and no doubt were well developed in the presentation of the case.

The contention of appellant that he was surprised by the amendment to his prejudice is not well made. The motion to amend was sustained three days before the trial, the record does not disclose that the defendant urged this contention of surprise in the trial court or requested a continuance of the trial.

The fourth error is that the court erred in accepting certain evidence on the part of the plaintiff which should have been excluded.

This assignment is directed to the admission of plaintiff's Exhibit No. 1, certain testimony of Sarah Coy and the reference by plaintiff to a calendar upon which dates were circled indicating when she had worked and the admission of this calendar as an exhibit.

Plaintiff's Exhibit No. 1 was properly admitted; it bore the indicia,

14

in particulars, of a farm lease between defendant and Roger Miller and it was contended by the plaintiff that it was such and that it was prepared and executed for that purpose and that the reason that it was not more complete, in setting forth the terms of the lease, was because defendant had indicated that he did not want the farm agent who was making the loan to the Millers to know the full terms. In any event, it was probative of the fact that the plaintiff was not a party to the tenancy and that her husband was the sole tenant.

Plaintiff's Exhibit A was also properly admitted not as a book-account because plaintiff was not suing on a book-account or contending that the exhibit was such, but as a memorandum of the days she claims to have worked and as supporting her other testimony on the subject.

The testimony of Sarah Coy was properly admitted.

Error No. 5 is the refusal to admit certain evidence tendered by the defendant.

All of this testimony, if admitted, would have related to the success or non-success of the Millers by reason of their operations of the farm of defendant during the tenancy. It had no material bearing on the issues drawn between the parties.

It is also asserted that the court ruled out the cross-petition which contention is correct and refused to permit the defendant to prove that the lease between the parties was with both the Millers and the defendant and the terms thereof.

We do not find that defendant proffered any testimony purposed to show the terms of the lease as contended by him. He was, however, permitted without interruption or objection to testify that the lease was made with both of the Millers, that it was oral, that it was for one year and from year to year thereafter and that plaintiff's Exhibit No. 1 was not the rental contract and fully as to the settlements which he claimed had been made with the Millers and that, at the time of the settlements, plaintiff made no mention of the claim upon which her suit was based. This testimony was properly admitted under the general denial of the answer. No error is exemplified by this assignment.

The sixth assignment is that the court erred in instructing the jury not to consider the cross-petition of the defendant for the reason that the only signature as a tenant on the lease was that of Mr. Miller.

This latter observation of the trial judge was erroneous, but if he was correct in refusing to permit the jury to consider the cross-petition his reason therefor, though not sound, would not necessarily be prejudicial.

The testimony concerning the actual rental agreement between the parties is at variance. There is substantial support for the contention of defendant that plaintiff's Exhibit A was not the rental contract but that it was oral and had been made before the so-called written lease was drawn and was merely a paper writing which was prepared at the request of plaintiff and for the accommodation of the loan agent. Certainly there was controversy as to the real lease between the parties, whether oral or as indicated by the written instrument. If the written instrument is correct, insofar as it speaks, it is entirely inadequate to set forth any of the terms of the rental agreement, but it does carry the names of the contracting parties thereto. If the contention of the

defendant which would preclude any oral testimony to modify its term, it clearly was an admission of defendant against his interest as to the tenancy of plaintiff.

The only question that has given us concern on this appeal is the effect of this statement of the trial judge in his general charge as to the reason that he refused the jury permission to consider the cross-petition.

If plaintiff's Exhibit A was a bona fide lease for the rental of the farm as contended and testified by the plaintiff, though incomplete, then, as it recited that Roger Miller was the tenant, to permit testimony that Mrs. Miller was a tenant would have been at variance with the terms of the written instrument and not admissible. If it was not in any sense the lease of the farm of defendant but the oral lease controlled entirely and both Millers were the tenants; these facts were proper for submission to the jury. All of them were testified, received and considered by the jury and they were admissible under the general denial of the answer.

The law applicable to the foregoing situations which would have clarified them was not incorporated in any instructions to the jury and no such instructions were requested. The failure to give them is not assigned as error.

The landlord-tenant relationship between plaintiff and defendant, if it existed, was not, as we have said, controlling of her right to recover in her suit. Whether or not she was a tenant it was incumbent upon her to prove the contract as alleged and the value of her services. The court so charged. If the contract was proven as alleged, it was unaffected by, and independent of any obligations on the part of plaintiff as a tenant. On the other hand, if the work which plaintiff did was without a contract but was only such as was incident to the usual preparation of tenants about to move into a house, she could not recover. She could recover nothing on an implied contract.

The failure of plaintiff to offer testimony as to the value of the services which she said she performed is urged as prejudicially erroneous. The value of the services were such as was within the common observation and general knowledge of men requiring no special proof. **42 O Jur. 546;** citing **Fleischmann Transportation Co. v. Bishop, 12 Oh Ap 293** and **Sayler v. Seller's, 2 Oh Ap 439; Hossler v. Trump, 62 Oh St 139.**

The cause was well tried and the respective contentions of the parties developed, in the main. There are several instances wherein both parties could have provided further information which would have been helpful to the jury in resolving the issues. The strongest inference against plaintiff was that which was testified by the defendant, if true, respecting the settlements wherein plaintiff was present and made no claim on the contract sued upon.

It is our judgment that the observation of the trial judge although erroneous was not, upon the whole record, prejudicial and does not require a reversal.

No. 8. That the verdict is against the weight of the evidence and therefore contrary to law. Without comment we hold against this contention. The issues were clearly drawn and the respective claims

were well supported, leaving the determination thereof properly to the jury.

The ninth error is merely a grouping of all the other assignments which we have sufficiently considered.

Finding no reversible error in the trial of the cause the judgment will be affirmed.

MILLER, PJ, CONN, J, concur.