### Waterman v. Kitrick
### Case No. 89AP672
### Franklin County, (10th)
### Decided February 8, 1990
[Cite as 1 AOA 400]

*Lucas, Prendergast, Albright, Gibson & Newman, and Mr. Rankin M. Gibson; Mr. Roger Whitaker, for plaintiffs-appellants.*

*Fry & Waller Co., L.P.A., and Mr. Barry A. Waller, for defendants-appellees Carolyn T. Christy, individually and as executrix, and Bruce L. Christy Co.,*

*Mark Kitrick Co., L.P.A., and Mr. Mark M. Kitrick, pro se.*

*Irwin & Flickinger, and Mr. Michael T. Irwin, for defendant- appellee Russell N. Flickinger, Jr. and pro se.*

*Grieser, Schafer, Blumensteil & Slane Co., L.P.A., and Mr. Richard Grieser, for defendant-appellee Grieser, Schafer, Blumensteil and Slane Co., L.P.A*

WHITESIDE, J.

Plaintiffs, Joseph Waterman et al. (hereinafter plaintiff), appeal the judgments of the Franklin County Common Pleas Court granting defendant's motions for the summary judgment.

In case No, 89AP-672, plaintiff raises the following assignments of error:

"I. The trial court abused its discretion in consolidating this case with case No. 86CV-12-7975, requesting damages for breach of contract, and with case No. 87CV-04-2331, challenging the rejection of plaintiff's claims against the estate of Bruce L. Christy.
"II. The trial court erred in granting summary judgment for the defendants."

In cases No. 89AP-673 No. 89AP-674,

plaintiff raises the following assignments of error:

"I. The trial court erred in granting summary judgment for the defendants.

"II. The trial court erred in finding that standing and timeliness of plaintiffs' claim against the estate of Bruce L. Christy (case No. 87CV-04-2331) are moot and in not finding that the claim against the estate was timely filed."

These separate appeals were consolidated by this court.

Plaintiff initiated this lawsuit by filing three separate complaints in the trial court. All three were based upon alleged underlying co-counsel agreements plaintiff alleged to have with the late Bruce L. Christy.

The first of these complaints (case No. 86CV-12-7975), was filed by plaintiff against defendant Carolyn T. Christy, both individually and as executrix of her husband's estate, Bruce L. Christy Co., L.P.A. ("BLC"), William Stehle, Mark Kitrick, Russell Flickinger, Calig and Handelman Co., L.P.A., Samuel Calig, and Robert Handelman.[1] Plaintiff alleged breach of contract arising from "numerous contingent fee agreements" plaintiff and Christy had together. Plaintiff further alleged that defendants had refused to pay him pursuant to those agreements even though he had performed all of his obligations under contracts. According to plaintiff, these contracts were entered into in plaintiff's capacity as a member of Calig and Waterman (now dissolved) and also as a sole practitioner.

Also in the first complaint, plaintiff alleged that BLC settled numerous cases on which plaintiff was co-counsel but refused to pay plaintiff in accordance with the agreement. Further plaintiff alleged that defendants collectively converted and divested plaintiff of his interest in pending cases not yet settled.

Plaintiff's second complaint (case No. 87CV-04-2331), filed on April 15, 1987, was brought as "Complaint on Reject Claim" naming Carolyn T. Christy, Executrix of Bruce L. Christy's state, as defendant. Plaintiff alleged that defendant executrix wrongfully rejected his claim against Christy's estate.

Plaintiff's final complaint (case No. 87CV-06-3949), was filed on June 24, 1987, with similar claims to that of plaintiff's first complaint. Again plaintiff alleged as the basis for his complaint numerous co-counsel agreements between plaintiff and BLC. Plaintiff alleged that the attorneys who worked with Christy, namely Kitrick, Flickinger and Grieser of Grieser, Schafer, Blumensteil & Slane Co., L.P.A, solicited former clients of Christy as to whom plaintiff was co-counsel. These defendants purportedly knew of the existence of these co-counsel agreements. Plaintiff also alleged that defendants settled numerous cases on which plaintiff was co-counsel but refused to account to plaintiff amounts due him under the contract.

On May 27,1987, pursuant to a motion filed by plaintiff, the trial court consolidated plaintiff's first and third complaints involving the claims against the attorneys. The trial court then on October 30, 1987, consolidated the remaining complaint, which involved the rejected claim against the estate, with the other consolidated case.

On April 24, 1989, pursuant to motions filed by defendants Carolyn T. Christy, BLC, Kitrick and Flickinger, the trial court granted each of these defendants summary judgment and further by judgment entries dismissed all three of plaintiff's complaints with prejudice.

In its decision, the trial court framed the issue as follows: "* * * whether an agreement, between lawyers not associated with each other, to divide fees without regard to work performed or responsibility assumed is enforceable." The trial court concluded that as a matter of law such a contract is in violation of Ohio law, violative of public policy and thus void and unenforceable. Therefore, the trial court reasoned that the motions for summary judgment should be granted. In addition, the trial court went an extra step and dismissed all of plaintiff's claims with prejudice, thus disposing of all three cases in their entirety.

Plaintiff filed three separate appeals with this court which were consolidated by this court. Of the four assignments of error which plaintiff raises, two deal with the same issue whether summary judgment on the merits was appropriate. This assignment of error will be addressed first.

Civ. R. 56(C) sets forth a two-part test that must be met before summary judgment may be granted. First, the depositions, affidavits and other evidence submitted must establish that there is not a genuine issue of material fact. Second, the moving party must show that he is entitled to judgment as a matter of law.

As the court held *per curiam* in *Norris* v. *Ohio Std. Oil Co.* (1982), 70 Ohio St. 2d 1, 2,

courts must bear in mind that:

"'Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. * * *'" (Citations omitted).

Thus, only if defendants able to demonstrate that no genuine issue of material fact exists and that they were entitled to judgment as a matter of law was the trial court correct in granting defendant's motion for summary judgment.

With this standard in mind, we turn to plaintiff's contention that summary judgment was not appropriate. The trial court primarily relied upon R.C.4705.08 to conclude the plaintiff's alleged co-counsel agreements with Christy were unenforceable. R.C. 4705.08 provides:

"No attorney or other person shall pay or receive any compensation or other consideration, or divide with or receive any portion of a fee, as an inducement or payment for solicitation or procurement of legal services. * * * This section does not prohibit the division of fees between attorneys for services performed by them. "Any agreement made or contract of employment obtained in violation of this section is void and unenforceable."

While the trial court correctly interpreted this statute to prohibit attorneys from paying or receiving compensation solely for the referral of a client by one attorney to another, the statute expressly states that it does not prohibit the division of fees for services performed. Furthermore, DR 2-107(A), relied upon defendants specifically permits the division of fees between attorneys provided that:

"(1) The client consents to employment of the other lawyer after a full disclosure that a division of fees will be made.
"(2) The division is made in proportion to the services performed and responsibility assumed by each.
"(3) The total fee of the lawyers does not

clearly exceed reasonable compensation for all legal services they rendered the client."

A distinction must be drawn between a contract for a referral fee without performance of services for the client (a fee-splitting arrangement unrelated to services) and co-counsel agreements. While pure referral contracts are prohibited by R. C. 4705.08 and DR 2-107(A), co-counsel agreements specifically are not. The agreement is a "pure referral contract" if it provides that an attorney will received a fee for merely forwarding a client to another attorney while doing nothing toward handling the case. Such an agreements is violative of R.C. 4705.08 and DR 2-107.

However, where one attorney performs services for the client and refers the client to another attorney who also performs services on the case, fee splitting would be permitted to the extent allowable under DR 2-107. In other words, provided that the client consents to the arrangement after full disclosure and that the division of fees between the attorneys is "made in proportion to the services performed and responsibility assumed by each," fee splitting is permissible.

The trial court failed to recognize this distinction as evidenced by its decision. Without regard to evidence contained in the depositions and affidavits, the trial court made a blanket finding that the express agreement plaintiff alleges is invalid and cannot be enforced. Because plaintiff alleged that the agreement was that fees would be split 50/50 and because plaintiff did not establish that he had performed half of the services, the trial court reasoned that plaintiff is not entitled to any ward. As more fully explained, *infra,* an exactly even division of work is not necessary for a 50/50 fee-splitting arrangement, it being sufficient if the division is substantially equal from a quality of work responsibility and value standpoint. Although plaintiff admits that there was no written contract, he also stated that he and Christy had many discussions regarding this relationship. With regard to the services plaintiff performed, he stated in his deposition:

"* * * We did many things. We did the – on the most the cases, the initial interview. We determined the extent of injuries, the presence of liability on behalf of the Defendant, the presence of property damage and helping people with that. Clients would call and we would be in

touch with clients from time to time. They would call our office to see what was happening. We, in turn, would call Bruce's office if sufficient information was not available in the file. Bruce was supposed to send a copy of all–any and all correspondence regarding that client to our office." (Dep. 33-34.)

It is clear, even from this limited portion of plaintiff's deposition, that there exists a genuine issue of material fact as to the value of services performed by plaintiff and the type of relationship that existed between plaintiff and Christy. It appears from plaintiff's testimony that the relationship between the two was more than just a "pure referral." Clients did not simply received Christy's name from plaintiff who then had no further contact with the clients. There exists several genuine issues of material fact as to the extent plaintiff participated in the representation of the clients.

Even assuming that plaintiff is not entitled to fifty percent of all award, it does not automatically follow that plaintiff is entitled to nothing. That is another disputed factual issue in this case making summary judgment inappropriate. It must first be determined what services were (or were anticipated to be) performed by Christy and by plaintiff. Next the relative value of those services must be determined, keeping in mind that quality or value, not quantity of services, is the determinative factor. Relative value of services does not necessarily depend upon time spent but instead is based upon all factors that are appropriate in setting fees for legal services, including expertise, experience, benefit to the client, responsibility, expenses, et cetera.

Defendants make several contentions in support of affirming the trial court's decision. The first, as discussed above, as that *any* agreement plaintiff may have would be unenforceable as it violates R.C. 4705.08. However, as we held above, there is a question of fact as to the nature of the agreement, if any, between plaintiff and Christy. The contract alleged and described by plaintiff has not been demonstrated to be violative of R.C. 4705.07 and DR 2-107 as a matter of law.

Defendants also contend that the agreement is void for another reason: that because the clients were not informed and did not consent to the 50/50 split, it is unenforceable. However DR 2-107 does not specifically mandate that the client be informed

of the amount of percentage of the fee split. It merely states that the client must consent to the employment of the other lawyer and to a division of fees. There is no indication that any client anticipated anything other than an arrangement consistent with the Code of Professional Responsibility and statute.

Plaintiff states in his deposition that, although the amount of the division was not explained to the client, it was explained that there would be a "division of fees, work and responsibility." (Dep. 25.) With respect to one client, plaintiff specifically states that, when explaining the retainer agreement the client was told that the two law offices were representing him and that there was a division of fees, services, and responsibilities. As this is all which is required to be told the client regarding the fee division, the trial court erred in finding the agreement to be unenforceable as a matter of law for that reason.

Defendants Kitrick and Flickinger both contend that, although they work with Christy, neither was a shareholder or partner with BLC. Therefore, defendants contend that neither is liable on any debts incurred by BLC as a result of any agreement with plaintiff. Furthermore, defendants contend that they did not owe any duty to plaintiff and do not owe any accounting to plaintiff.

Plaintiff's complaints allege two causes of action against defendants Kitrick and Flickinger: (1) that they are liable for amounts owed to him as a result of his co-counsel agreements with Christy; and (2) that by sending letters to clients for whom plaintiff was already co-counsel, defendants interfered with contractual rights of plaintiff. As a result, defendants may owe plaintiff an accounting to the extent that such letters resulted in either Kitrick or Flickinger's obtaining the client as his own and receiving fees for services (it being unclear as to whether this included fees for plaintiff's services).

The trial court did not reach this issue as it held that any agreement plaintiff may have had with Christy was void and unenforceable as a matter of law. As we have already determined, it was error for the court to grant defendants' summary judgment because of the existence of numerous genuine issue of material fact.

Even if defendants were not partners of Christy (shareholders in Bruce L. Christy Co., L.P.A.), there still exists a genuine issue as to whether defendants knew of the co-counsel agreements and proceeded to ignore them. If

each file that defendants took contained a referral agreement in plaintiff's name, as plaintiff contends, then defendants should not have "solicited" these clients without plaintiff's knowledge or consent.

Depositions of defendant Kitrick and defendant Flickinger were taken, with Kitrick's ending abruptly after a name-calling dispute. However, it is unclear from his deposition whether he knew of the existence of co-counsel agreements. Furthermore, Flickinger specifically stated in his deposition, at 9, that co-counsel agreements existed in some of the files, but he does not know how many. Thus, additional genuine issues of material fact exist.

Since so many of the basic facts in this case are in dispute, summary judgment is clearly inappropriate. Only a fact finder, after hearing all of the evidence presented by both parties, may reach the factual findings that the trial court reached. Accordingly, plaintiff's second assignment of error in case No. 89AP-674, and his first assignment of error in case No. 89AP-674 is well-taken.

With regard to plaintiff's claim against the estate (the second assignment of error in cases No. 89AP-673 and No. 89AP-674), plaintiff contends that the claim was filed timely and thus should not have been rejected by the executrix of Christy's estate. The trial court, after sustaining the summary judgment motions, ruled that the issue of timeliness was moot.

The parties are not in disagreement with the determinative dates. Defendant Carolyn T. Christy was appointed executrix of her husband's estate on September 29, 1986, while plaintiff filed a claim against that estate on December 30, 1986.

R.C. 2117.06(B) provides that all claims against an estate "*** shall be presented within three months after the date of the appointment of the executor ***." Plaintiff contends that the time to file his claim did not start to run until the day after defendant's appointment as executrix. Plaintiff primarily relies upon R.C. 1.14, which states in pertinent part:

"The time within which an act is required by law to be done shall be computed by excluding the first and including the last day ***."

Thus, plaintiff concludes the three-month period to file a claim did not begin until September 30, 1986, giving plaintiff until December 30, 1986, to file his claim.

Plaintiff overlooks R.C. 1.45 which provides in part:

"If a number of months is to be computed *by counting the months from a particular day*, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun ***." (Emphasis added.)

Reading R.C. 1.45 in conjunction with R.C. 1.14 and R.C. 2117.06(B), the time to begin counting the three-month period is clearly the day of appointment of the executor. Even when relying upon R.C. 1.14 and excluding the first day, that first day is still the point from which counting begins, it is just excluded.

Therefore, when applying R.C. 1.45 to R.C. 2117.06(B), the day from which to begin counting is the day the executor is appointed. See *In re Estate of Fisher* (1983), 12 Ohio App. 3d 150. In this case, that date would be September 29, 1986, making December 29, 1986, the last day plaintiff could have timely filed a claim against the estate. As plaintiff did not file the claim until December 30, 1986, it was untimely as strict adherence to the statutory requirements is necessary. See *Prudential Ins. Co.* v. *Joyce Building Realty* (1944), 143 Ohio St. 564. Accordingly, plaintiff's second assignment of error in cases No. 89AP-673 and No. 89AP-674 is not well-taken. Since this issue is determinative of case No. 89AP-673, the first assignment of error is not well-taken in that case.

Plaintiff's last assignment of error (assignment of error one in case No. 89AP-672), centers around the trial court's decision to consolidate plaintiff's complaint on the rejected claim with the other two actions involving plaintiff's breach contract allegations.

Civ. R. 42(A) provides that the trial court may consolidate pending actions before it if there are common questions of law or fact between the actions. It is within the trial court's discretion whether to consolidate. See *Dir, of Highways* v. *Kleines* (1974), 38 Ohio St. 2d 317.

However, before the actions may be properly consolidated, the court must determine if there is enough commonality of issues to warrant consolidation and if the parties are substantially the same. See *Miller* v. *Beard* (1955), 73 Ohio Law Abs. 10. In making such a

determination, the court should be mindful of the purpose of consolidation, which is the saving of time when a joint trial is used as opposed to separate trials.

The trial court's decision to consolidate the complaint on the rejected claim of the estate with plaintiff's other claims was poorly supported as there are completely dissimilar parties and different claims. There was insufficient commonality of issues to justify consolidation.

However, in light of our determination that plaintiff's claim against Christy's estate was not filed timely, which is the sole basis of plaintiff's complaint against the executrix, any error in consolidating this complaint with the others is not prejudicial. Accordingly, plaintiff's first assignment of error in case No. 89AP-672 is not well-taken.

For the foregoing reasons, in case No. 89AP-672, plaintiff's first assignment of error is overruled, while the second assignment of error is sustained; in case No. 89AP-674, plaintiff's first assignment of error is sustained, while the second assignment of error is overruled, and both assignments of error are overruled in case No. 89AP-673. In case No. 89AP-673 the judgment dismissing the case is affirmed. In cases No. 89AP-672 and 89AP-674, the judgments of the Franklin County Court of Common Pleas are affirmed as to the decision to consolidate the cases and as to the dismissal of Carolyn T. Christy, executrix of Bruce Christy's estate, and reversed as to the granting of summary judgment to defendants Kitrick and Flickinger and the dismissal of plaintiff's remaining claims, and these causes are remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment affirmed in case No. 8989AP-673; judgment revered and causes remanded in cases No. 89AP-672 and No. 89AP-674.*

REILLY and BRAME, JJ., Concur.

BRAME, J., of the Vinton County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.