**DENNISON et al., Appellants,**

**v.**

**KOBA, Appellee.**

[Cite as *Dennison v. Koba* (1993), 86 Ohio App.3d 605.]

Court of Appeals of Ohio,
Lorain County.

No. 92CA005347.

Decided March 3, 1993.

*Jon R. Barney,* for appellants.

*Frank S. Carlson,* for appellee.

REECE, Judge.

Plaintiffs-appellants, Robert L. and Tacy Dennison, appeal the trial court's grant of summary judgment. We reverse.

This cause arises from the Dennisons' decision to buy defendant-appellee Catherine Koba's home. The Dennisons inspected the property before purchasing it. During the inspection, Robert noticed a small ($\frac{1}{16}$" wide) crack on the basement wall. This crack extended from either side of a piece of pegboard that was attached to a portion of the wall. After the inspection, the Dennisons asked Koba if there was a water seepage problem in the basement. Koba told them that there was only a slight problem in one corner of the basement.

In order to determine the extent of the problem, one of Koba's sales agents, Juanita Nottingham, arranged for a professional inspection of the basement by P & S Masonry, Inc. ("P & S"). Nottingham was also the Dennisons' real estate broker of choice. P & S inspected the basement and found the walls were sound, would last a few more years and could be adequately repaired by installing 4" I-beams as bracing for the wall. The Dennisons were not present during this inspection. After receiving P & S's report, the Dennisons agreed to purchase the home.

P & S's inspection was not the only professional inspection of the basement. Koba had requested that Daniel's Basement and Waterproofing ("Daniel's") inspect the premises shortly before P & S's inspection and the Dennisons' offer to purchase the home. Joseph Stuart inspected the property for Daniel's. Stuart estimated it would cost $3,000 to repair the wall that was partially covered by the pegboard and $6,000 to fix the entire basement. This estimate was reported to

Koba as was Stuart's opinion that the wall should be repaired immediately. The Dennisons were not informed of this report.

In the sales contract, Koba warranted "that seller (Koba) has no knowledge of any visible, hidden, or latent defects, including but not limited to water seepage from the roof or elsewhere, wet basement walls, plumbing or heating systems, sewers, structural defects or faulty major appliances except slight seepage by sump pump during heavy rains that runs immediately into sump pump by laundry tubs. No other water seepage." Further, the Dennisons agreed to accept the property "AS IS."

Shortly after taking possession of the premises, the Dennisons noticed a large accumulation of water in the basement. They contacted Daniel's who sent the same employee, Stuart, to inspect the basement. Stuart informed the Dennisons that he had viewed the basement with Koba and had informed her it needed to be repaired. Stuart again estimated the repairs would cost $6,000.

On December 10, 1990, the Dennisons filed a complaint against Koba alleging that she fraudulently misrepresented the condition of the basement and failed to disclose known latent defects in the home. The Dennisons moved the trial court for summary judgment; Koba responded to this motion but did not file a summary judgment motion of her own. On March 13, 1992, the trial court denied the Dennisons' motion for summary judgment and *sua sponte* ordered that Koba be granted summary judgment. The Dennisons appeal, raising two assignments of error.

## Assignment of Error II

"The trial court committed reversible error by granting a summary judgment to defendant-appellee Catherine Koba where, at a minimum, there was a genuine issue of triable fact acknowledged by Koba in her reply to plaintiffs-appellants' motion for summary judgment."

■ Ohio courts have adopted a three-part test to determine if summary judgment, pursuant to Civ.R. 56, is properly granted. A court may grant summary judgment if it finds:

"(1) No genuine issue as to any material fact remains to be litigated;

"(2) the moving party is entitled to judgment as a matter of law; and

"(3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–72, 364 N.E.2d 267, 274; see, also, *Delker v. Ohio Edison Co.* (1989), 47 Ohio App.3d 1, 2, 546 N.E.2d 975, 976.

In summary judgment proceedings all inferences to be drawn from the materials submitted must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 152, 66 O.O.2d 311, 312, 309 N.E.2d 924, 925–26; *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 105–106, 19 OBR 261, 265–66, 483 N.E.2d 150, 154–56. While summary judgment proceedings serve an important role in trial management, critical limits do exist to their application. This court has cautioned that:

"A summary judgment precludes a jury's consideration of a case and should, therefore, be used sparingly, only when reasonable minds can come to but one conclusion." *Shaw v. Cent. Oil Asphalt Corp.* (1981), 5 Ohio App.3d 42, 44, 5 OBR 45, 47–48, 449 N.E.2d 3, 6–7; see, also, *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 1–2, 433 N.E.2d 615, 616; *Waterman v. Kitrick* (1990), 60 Ohio App.3d 7, 10, 572 N.E.2d 250, 253–54.

In the sale of real estate, the Ohio Supreme Court has recognized that the doctrine of *caveat emptor* still applies. *Layman v. Binns* (1988), 35 Ohio St.3d 176, 177, 519 N.E.2d 642, 643–44. In *Layman,* the court stated:

"The doctrine of *caveat emptor* precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor. (*Traverse v. Long* [1956], 165 Ohio St. 249, 59 O.O. 325, 135 N.E.2d 256, approved and followed.)" *Id.* at syllabus.

This court has noted that there are three types of fraud in real estate transactions: fraudulent misrepresentation, fraudulent concealment and fraudulent nondisclosure. *Kaye v. Buehrle* (1983), 8 Ohio App.3d 381, 382, 8 OBR 495, 495–96, 457 N.E.2d 373, 375–76. The Dennisons raised two of these claims.

In this case, the trial court correctly found that the Dennisons could not succeed on their fraudulent nondisclosure claim. The contract states that the property was to be accepted "as is." When property is accepted in an "as is" condition, the seller is relieved of any duty to disclose. *Id.* at 383, 8 OBR at 497–98, 457 N.E.2d at 376. Accordingly, we find that Koba could not be liable for fraudulent nondisclosure as a matter of law.

However, while an "as is" clause bars a claim for fraudulent nondisclosure, it does not preclude recovery for fraudulent misrepresentation. *Id.* A question of fact does remain as to this claim. Koba represented that the only water seepage in the home was in an area by the sump pump that did not leave standing water. After he inspected the basement, Stuart claimed he informed Koba that more than one wall had a seepage problem and that repairing the entire basement would cost approximately $6,000. While Koba disputes this

testimony, a jury could find that Koba was aware that a more serious water problem existed than she represented.

■ In order to succeed on a claim of fraudulent misrepresentation, a plaintiff must show:

"(a) a representation or, where there is a duty to disclose, concealment of a fact,

"(b) which is material to the transaction at hand,

"(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,

"(d) with the intent of misleading another into relying upon it,

"(e) justifiable reliance upon the representation or concealment, and

"(f) a resulting injury proximately caused by the reliance." *Gaines v. Pre-term–Cleveland, Inc.* (1987), 33 Ohio St.3d 54, 55, 514 N.E.2d 709, 712.

If a jury were to make all inferences in the Dennisons' favor, it could reasonably find that Koba fraudulently represented the extent of the water damage in the basement. *Williams,* 37 Ohio St.2d at 152, 66 O.O.2d at 312, 309 N.E.2d at 925–26; *Mers,* 19 Ohio St.3d at 105–106, 19 O.B.R. at 265–66, 483 N.E.2d at 154–56. Koba represented that the only water seepage was slight. The condition of a part of a home is material when it is sold. Based on Stuart's testimony, it could be concluded that Koba knew that the basement had a substantial problem with water seepage. Thus, these representations could be false. A jury could infer that she made these representations with the intent to mislead the Dennisons into purchasing the home. Further, any reliance on Koba's statements in the contract would have been justified as P & S had examined the basement and found the problem minimal. The Dennisons suffered damages as a result of their reliance on Koba's representation. While Koba's testimony is not in accord with these inferences, a court may not grant summary judgment if a dispute exists as to material facts. *Temple,* 50 Ohio St.2d at 327, 4 O.O.3d at 471–72, 364 N.E.2d at 273–74; *Delker,* 47 Ohio App.3d at 2, 546 N.E.2d at 976.

■ Further, the trial court based its decision on *caveat emptor.* However, *caveat emptor* does not apply if the condition complained of is a latent defect. *Layman* at syllabus. A defect is open and observable if an ordinary prudent person would discover it upon reasonable inspection. *Tipton v. Nuzum* (1992), 84

Ohio App.3d 33, 38, 616 N.E.2d 265, 268–269. In this case, P & S, experts in the field of masonry, could not discover the extent of the water problem on their inspection. A jury could infer from P & S's failure to discover the problem that an ordinary prudent person would not have discovered it on reasonable inspection. If that were the case, a jury could find the doctrine of *caveat emptor* did not apply. The trial court erred in granting summary judgment against the Dennisons.

The Dennisons' second assignment of error is well taken.

### Assignment of Error I

"The trial court committed reversible error by granting a summary judgment sua sponte in favor of defendant-appellee, Catherine Koba, despite the fact that Koba did not move the court for such relief, thus denying plaintiffs-appellants notice of the grounds of such a motion and a meaningful opportunity to respond, causing plaintiffs-appellants serious prejudice contrary to the express requirements of the Ohio Civil Rule 56(C)."

It is axiomatic that a trial court cannot grant summary judgment if material issues of fact remain to be determined. As we have found material questions of fact remain, it is not necessary to reach the propriety of granting summary judgment to a nonmoving party.

The trial court's judgment is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

QUILLIN, P.J., and BAIRD, J., concur.