OPINION
Plaintiffs-appellants, Peter and Patricia Moravek, appeal from a decision of the Clermont County Court of Common Pleas that granted summary judgment to defendants-appellees, Robert and Joy Hornsby, Judy Criddle, and Sibcy Cline.
Robert Criddle completed construction of a new house in 1989, and the house was listed for sale by his wife, Judy Criddle, a licensed real estate agent. On May 10, 1989, Robert and Joy Hornsby, executed a land contract in favor of the Criddles and took possession of the house. After Robert Criddle passed away in 1992, Judy Criddle received his interest in the property. In April 1993, the Hornsbys obtained financing and purchased the house from Criddle.
In March 1994, the Hornsbys decided to sell the house and listed the residence with Criddle, who was employed with defendant-appellee, Sibcy Cline. The Hornsbys completed a residential property disclosure form as required by R.C. 5302.30
that did not disclose any defects in connection with the house. In June 1994, appellants saw an advertisement for the Hornsbys' house and arranged an appointment to view the house with Criddle. Appellants spent approximately two hours inspecting the house. While they made their inspection, Criddle informed them that it was built by her husband and was in excellent condition.
Appellants made an offer to purchase Hornsbys' house on the same day that Criddle showed it to them. On June 27, 1994, appellants entered into a written contract to purchase the house from the Hornsbys. Appellants never obtained a professional home inspection. However, while the sale was pending, appellants visited the Hornsbys on several occasions to further inspect the house. While inspecting the yard during one of their visits, the Hornsbys informed appellants that water accumulated in a low area in the corner of the back yard. The Hornsbys did not disclose any other problems nor were they asked any specific questions about any other grading or drainage defects.
The sale of the house was closed on July 29, 1994, and appellants took possession on September 1, 1994. Several months after appellants moved into the house, they noticed an accumulation of water in the back yard. In May 1995, appellants discovered that the floor of the dining room was wet. An engineer subsequently inspected appellants' property and informed them that the property contained grading defects. According to the engineer, the grading defects resulted in drainage problems that caused water to accumulate in the yard and also caused water to leak into the concrete slab upon which the house was built.
On October 13, 1995, appellants brought suit for breach of contract and fraud against appellees to recover damages arising from their purchase of the home. Appellants claimed appellees made fraudulent representations concerning the grading defects that caused water to accumulate and leak into the house. Appellees each filed motions for summary judgment, claiming that appellants' claims were barred by the doctrine of caveat emptor. The trial court found that caveat emptor was applicable and granted summary judgment to appellees in a decision issued on November 1, 1996. It is from this judgment that appellants now appeal, setting forth the following two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR TO THE PREJUDICE OF PLAINTIFF/APPELLANTS BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS ROBERT HORNSBY AND JOY HORNSBY AS GENUINE ISSUES OF MATERIAL FACT EXIST AS TO DEFENDANTS' KNOWLEDGE OF THE LATENT DEFECTS WITH THE PREMISES.
Assignment of Error No. 2:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR TO THE PREJUDICE OF PLAINTIFF/APPELLANTS BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS JUDY CRIDDLE AND SIBCY CLINE AS GENUINE ISSUES OF MATERIAL FACT EXIST AS TO DEFENDANTS' KNOWLEDGE OF THE LATENT DEFECTS WITH THE PREMISES.
In both of appellants' assignments of error, they argue that the trial court erred by granting summary judgment in favor of appellees. In their first assignment of error, appellants argue that caveat emptor did not preclude recovery against the Hornsbys. In their second assignment of error, appellants argue that caveat emptor did not preclude recovery against Criddle and Sibcy Cline. Since both assignments of error are interrelated, they will be considered together.
A reviewing court must follow the standard set forth in Civ.R. 56(C), which provides that summary judgment is appropriate where (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds construing the evidence in the light most favorable to the nonmoving party could reach but one conclusion which is adverse to the nonmoving party. Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344. When a party moves for summary judgment on the grounds that the nonmoving party has no evidence to establish an essential element of his case, the moving party must inform the trial court of the basis for the motion and identify the portions of the record that demonstrate the absence of a genuine issue of material fact concerning the essential element. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. If the moving party satisfies this burden, the nonmoving party must then set forth specific facts that show there is a genuine issue for trial. Id.
Appellants contend that the trial court erred in granting summary judgment based upon the doctrine of caveat emptor. "The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor." Layman v. Binns (1988), 35 Ohio St.3d 176; Felty v. Gibson (May 13, 1996), Butler App. No. CA95-04-076, unreported. Appellants argue that summary judgment was inappropriate because a genuine issue of material fact existed as to whether the elements of caveat emptor were satisfied.
A review of the record reveals that the grading defects were open and discoverable. A defect is observable or discoverable if an ordinarily prudent person would discover it upon reasonable inspection. Dennison v. Koba (1993), 86 Ohio App.3d 605; Tipton v. Nuzum (1992), 84 Ohio App.3d 33, 38. In the present case, the underlying defect relates to the grading of the yard and lot. Appellants produced an engineer's report which stated that the grading defects included the following: a lot that was nearly flat, a driveway that was higher than the garage floor slab, a lack of lower ground on the side and rear of the house that caused water to accumulate, a patio concrete slab at the rear of the house that was above the elevation of the floor slab, and downspouts and gutters that discharged adjacent to the house. The engineer stated that these defects caused water to accumulate in the yard and leak into the house.
Appellants contend that the defects were not observable or discoverable because they inspected the house during the summer when the yard was dry. However, even though appellants may not have seen the actual accumulation of water in the yard, the underlying grading defects, as outlined by the engineer, were observable or discoverable upon reasonable inspection. Therefore, we conclude that the trial court did not err in finding that the first element of caveat emptor was satisfied.
The record also reveals that appellants had an unimpeded opportunity to examine the premises, including the areas that contained grading defects. There is no evidence that appellants were denied a full opportunity to inspect the premises. Rather, the record shows that appellants spent over two hours inspecting the house and yard on their initial visit with Criddle. In addition, while the sale was pending, appellants visited the Hornsbys on several occasions to further inspect the house and yard. Therefore, the trial court did not err by finding that the second element of caveat emptor was satisfied.
A review of the record also reveals that the Hornsbys and Criddle did not engage in fraud. The essential elements of an action in fraud are (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. Gaines v. PretermCleveland Inc. (1987), 33 Ohio St.3d 54, 55; Dennision v. Koba (1993), 86 Ohio App.3d 605.
Appellants contend that the trial court erred in finding there was not a genuine issue of material fact as to whether Criddle knowingly misrepresented the condition of the property. Criddle represented that the house was in excellent condition and had recently been constructed by her husband. Criddle testified in her deposition that she did not participate in the construction of the house, never lived in the house, and only visited the house on a couple of occasions for listing purposes. Criddle further testified that she never saw an accumulation of water in the yard and had no knowledge of the grading defects. Appellants failed to set forth any facts inconsistent with Criddle's testimony. Therefore, since the record contains no evidence that Criddle had knowledge of the defects or made a misrepresentation amounting to fraud, summary judgment was properly granted to Criddle and Sibcy Cline. See Vecchio v. Kehn (Aug. 18, 1994), Cuyahoga App. No. 66067, unreported; Said v. Steger (June 17, 1991), Clermont App. No. CA90-10-107, unreported.
Appellants also contend that the trial court erred in finding there was not a genuine issue of material fact as to whether the Hornsbys knowingly misrepresented the condition of the property. Appellants produced affidavits of neighbors who stated that after it rained, water often accumulated in the rear of the Hornsbys back yard. The record shows that the Hornsbys knew that water accumulated in the back yard because of poor drainage. However, appellants acknowledged that the Hornsbys disclosed this problem. During one of appellants' inspections, the Hornsbys pointed out a low area in the back yard and informed appellants that water accumulated in this area because of poor drainage. Therefore, the Hornsbys did not fraudulently represent the grading defects to the extent that they caused water to accumulate in the back yard.
Appellants also argue that the Hornsbys knowingly misrepresented the nature of the grading defects, because the Hornsbys represented that they did not have any other problems with drainage or leaks. During their depositions, the Hornsbys were questioned at length about their knowledge of the grading defects. Both of the Hornsbys testified that besides the water that accumulated in the yard, they had no knowledge of any other problems with drainage or water leaking into the house. Since the affidavits and evidence produced by appellants only showed that the Hornsbys had knowledge that water accumulated in the yard, appellants failed to set forth any specific facts which showed that the Hornsbys had knowledge of any other problems caused by the grading defects. Therefore, the representations made by the Hornsbys were not fraudulent, because there was no evidence that the Hornsbys knew their representations were false or were reckless in regards to the truth. See Vecchio v. Kehn (Aug. 18, 1994), Cuyahoga App. No. 66067, unreported; Said v. Steger, Clermont CA90-10-107, unreported. Accordingly, the trial court did not err by finding that the doctrine of caveat emptor precluded recovery against the Hornsbys.
Based upon the foregoing, we find that there remains no genuine issue as to any material fact and that, when construing the evidence most strongly in favor of appellants, reasonable minds could only conclude that appellees are entitled to judgment as a matter of law. Accordingly, appellants' first and second assignments of error are overruled and the judgment of the trial court is affirmed.
YOUNG, P.J., and WALSH, J., concur.