DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiffs-appellants Stephen Dury and Anne Dury appeal from the decision rendered by the Lorain County Court of Common Pleas granting summary judgment to defendants-appellees Louis Klinar and Gina Klinar. We affirm.
On June 12, 1995, the Durys contracted to buy a residence, located at 1812 West 42nd Street, Lorain, Ohio, from the Klinars. The Durys had inspected the home once before signing the contract. The Klinars executed a Residential Property Disclosure Statement,[1] which they delivered to the Durys at the same time the contract was entered into. On this form, the Klinars stated that they did not know of any "current water leakage, water accumulation, excess dampness or other defects with the basement[,]" and that they did not know of any "current leaks, backups, or other material problems with the sewer system servicing the property."
On January 19, 1996, the Durys filed a complaint against the Klinars, alleging that the Klinars induced purchase despite knowing that: 1) water leaked behind the clothes dryer along the north wall of the basement; and 2) water leaked along the northeast corner of the basement under the carpeting. The Durys further alleged that the Klinars "prohibited the Plaintiffs from inspecting said basement for `liability reasons.'" The Durys asserted that the Klinars' failure to disclose hidden defects and material misprepresentations caused the Durys damage, for which they sought $15,000 in compensatory damages, $15,000 in punitive damages, attorney's fees, costs, and post-judgment interest. The Klinars answered, denying the Durys' allegations, and offering several affirmative defenses, including an assertion that the Durys' damages, if any, were caused by the Durys' failure, lack of diligence, or negligence in inspecting the premises prior to closing the deal.
On December 11, 1996, the Klinars moved for summary judgment. The Durys opposed the motion, and the Klinars replied to the Durys motion in opposition. On April 2, 1997, the trial court granted summary judgment to the Klinars. The Durys appeal, assigning one error, which states:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS THERE EXISTED GENUINE ISSUES OF MATERIAL FACT.
In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. A party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact.Vahila v. Hall (1997), 77 Ohio St.3d 421, 429-30. Then, and only then, is there a reciprocal burden on the nonmoving party to respond by showing that there are genuine issues of material fact to be tried. Id.
The Durys allege both that the Klinars fraudulently failed to disclose a defect in the house when they had a duty to do so, and that the Klinars fraudulently misrepresented the condition of the basement. An action for fraud consists of the following elements:
 (1) a representation or, where there is a duty to disclose, concealment of a fact;
(2) which is material to the transaction at hand;
 (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred;
 (4) with the intent of misleading another into relying upon it;
 (5) justifiable reliance upon the representation or concealment; and
(6) a resulting injury proximately caused by the reliance.
Burr v. Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, paragraph two of the syllabus, citing Cohen v. Lamko, Inc. (1984),10 Ohio St.3d 167, 169.
In their motion for summary judgment, the Klinars argued that the Durys agreed to accept delivery of the home in "as is" condition, and therefore the Klinars were relieved of any duty to disclose defects in the property. The Klinars attached to their motion for summary judgment a copy of the contract for purchase of the residence, wherein the Durys agreed to accept delivery of the home "in its present physical condition." The Durys do not counter the Klinars' argument or evidence on this issue.
It has been stated that the terms "in its present condition" and "as is" are synonymous. Arbor Village Condominium Assn. v.Arbor Village, Ltd., L.P. (1994), 95 Ohio App.3d 499, 511. When a purchaser agrees to accept real property "as is," the seller is relieved of any duty to disclose that the property was in a defective condition. Dennison v. Koba (1993), 86 Ohio App.3d 605,609. The trial court appropriately granted the Klinars summary judgment on the issue of the Klinars' alleged failure to disclose a defect.
In moving for summary judgment, the Klinars pointed to evidence showing that the Durys had no evidence to support their allegation of fraudulent misrepresentation. The Klinars attached affidavits in which they stated that they were not aware of any water leaks in the basement of the subject residence. These affidavits were consistent with the Klinars' entries on the Residential Property Disclosure Statement. The Klinars also pointed to deposition testimony 1) by Ann Dury that the Durys have had two "serious" floods since they moved in; and 2) by Steve Dury that his pre-purchase inspection of the basement carpeting and drywall did not disclose any marks of water leakage. The Klinars argue that pre-purchase conditions corresponding to the post-purchase conditions alleged by the Durys would have left marks on the carpeting and walls for Steve Dury to observe during his pre-purchase inspection.
The Durys' evidence that the Klinars knew of the leakage problems consists of statements made by alleged expert repairmen Dave Volak and Ed Sedivy, Jr., which were attached to the Durys' responses to interrogatories, which in turn were attached to the Durys' motion in response to the Klinars' motion for summary judgment. The Klinars argued that these statements should not be considered by the trial court because they were inadmissible hearsay and because they did not consitute evidence permitted by Civ.R. 56(C) to be submitted in summary judgment proceedings.[2] The trial court relied on the latter ground in refusing to consider the statements by Volak and Sedivy, and then concluded that the Durys had failed to present any evidence that the Klinars had knowledge of the water leakage in the basement.
Civ.R. 56(C) provides in part:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, affidavits, transcripts of evidence in the pending case, and written stipulations offact, if any, timely filed in the ation, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.
This court has held that "[d]ocuments submitted in opposition to a motion for summary judgment which are not sworn, certified, or authenticated by affidavit have no evidentiary value and may not be considered by the court is deciding whether a genuine issue of material fact remains for trial." Green v, B.F. Goodrich Co.
(1993), 85 Ohio App.3d 223, 228. The Volak and Sedivy statements, to which the Klinars objected, were not sworn, certified, or authenticated by affidavit. Therefore, the trial court did not err in refusing to consider them.
The Volak and Sedivy statements were the only evidence to which the Durys pointed to show that the Klinars had knowledge of the water leakage before selling the house. Summary judgment was properly entered for the Klinars on the Durys' fraud claim against the Klinars because the Durys could not establish an issue of material fact as to the knowledge of the Klinars.
The Durys' assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
 Exceptions. _________________________________ WILLIAM R. BAIRD, FOR THE COURT
SLABY, P. J.
DICKINSON, J., CONCUR
[1] R.C. 5302.30(c), effective March 19, 1993, requires sellers to complete a property disclosure form to provide information on the physical condition of the structure of the property and to inform sellers of any material defects that are within the actual knowledge of the transferor.
[2] The Klinars argued this point in their brief in reply to the Durys' reponse to the Klinars' motion for summary judgment.