DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Michael and Elaine DiCillo, appeal a grant of summary judgment entered by the Summit County Court of Common Pleas in favor of Appellees, Lloyd and Sharon Prindle (the "Prindles") and Caravona Builders ("Caravona"). We affirm in part and reverse in part.
 I {¶ 2} In March, 2000, Appellants purchased from the Prindles, a house and real estate located in Twinsburg, Ohio. Prior to the sale, the Prindles had lived in the house for ten years.
 {¶ 3} On June 14, 2002, Appellants filed a complaint naming the Prindles, the City of Twinsburg, and Caravona Builders as defendants and alleging problems with water in the basement. In their complaint, Appellants claimed that the Prindles expressly or impliedly warranted that the basement was free from water related problems, that the City of Twinsburg did not properly inspect tie-ins to the sewer mains and, therefore, did not discover an improper connection, and that Caravona, as the general contractor for the house, permitted negligent installation of the storm main and other component parts of the plumbing system. Further, Appellants claimed that the Prindles were liable for fraudulent concealment and fraudulent nondisclosure regarding the water problems in the basement. In February 2003, Appellants amended the complaint and added a claim of fraudulent misrepresentation on the part of Prindles. Ultimately, the City of Twinsburg was dismissed from the case on the basis of sovereign immunity.
 {¶ 4} On April 18, 2003, the Prindles filed a motion for summary judgment. Caravona did likewise on May 2, 2003. The trial court granted the Prindles' motion in an order journalized on May 30, 2003, wherein the trial court stated that Appellants' inference that the Prindles were not truthful when completing a disclosure form is inadequate evidence to survive a motion for summary judgment, and Appellants had presented no evidence that the Prindles had knowledge of the problems experience by Appellants.
 {¶ 5} The trial court granted Caravona's motion in a separate order, also journalized on May 30, 2003, stating that there was no privity between Appellants and Caravona and, therefore, Appellants could recover only from the Prindles.
 {¶ 6} Appellants timely appealed, raising two assignments of error.
 II Assignment of Error No. 1
"The trial court erred by finding that privity of contract was required for the appellants, as subsequent owners of a house, to state a cause of action against the appellee caravona builders, as builder-vendor's (sic), in tort for negligent construction."
 {¶ 7} In their first assignment of error, Appellants state that the trial court erred in granting summary judgment to Caravona on the basis of lack of privity.
 {¶ 8} We begin by noting that an appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co.
(1983), 13 Ohio App.3d 7, 12.
 {¶ 9} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 10} To prevail on a motion for summary judgment, the party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280,293-294. Where the non-moving party would have the burden of proving a number of elements in order to prevail at trial, the party moving for summary judgment may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See, e.g., Stivison v. Goodyear Tire Rubber Co.
(1997), 80 Ohio St.3d 498, 499. In that case, the moving party then "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." Dresher, 75 Ohio St.3d at 292. The burden would then shift to the non-moving party to show that there is a genuine issue of material fact as to that element. Id. at 293.
 {¶ 11} The Ohio Supreme Court has explained the summary judgment burden as follows:
"[T]he movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. The evidentiary materials listed in Civ.R. 56(C) include `the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any.' These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. While the movant is not necessarily obligated to place any of these evidentiary materials in the record, the evidence must be in the record or the motion cannot succeed." Id. at 292-293.
 {¶ 12} Only after the movant satisfies the initial Dresher
burden, must the nonmoving party then present evidence that some issue of material fact remains for the trial court to resolve. Id. at 294. "It is basic that regardless of who may have the burden of proof at trial, the burden is on the party moving for summary judgment to establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Horizon Savings v. Wootton (1991),73 Ohio App.3d 501, 504.
 {¶ 13} In the motion for summary judgment, Caravona states that Appellants' claim against Caravona was solely for negligence, a claim which Caravona asserts that Appellants cannot prove. Further, because the complaint names Caravona as the "general contractor" and therefore Appellants are not entitled to an economic recovery for negligence as the alleged negligent work was done by someone other than Caravona.
 {¶ 14} Attached to the motion for summary judgment was an affidavit from James Caravona, part of the deposition testimony of Michael DiCillo, Appellants' answers to Caravona's first set of interrogatories, a copy of the real estate purchase agreement, a copy of Appellants' home inspection report, and a portion of the deposition testimony of Ciro Grandini, Jr.
 {¶ 15} In James Caravona's affidavit, he admitted that Caravona Builders was the general contractor who built the house in question, that the house was built in accordance with applicable building codes, the house passed an inspection by the city, and Caravona Builders had not received notice of any problems until Appellants filed this suit.
 {¶ 16} Appellant Michael DiCillo's deposition testimony reveals that Appellants had not contacted Caravona before filing suit, Appellants had no contract at any time with Caravona, Appellants had an inspection of the house completed by Jim Zack of Custom Home Inspections, Inc., Appellants did not see any evidence of past flooding when they looked at the basement walls, and Appellants never spoke with the Prindles regarding the house. Further, DiCillo acknowledged that the purchase agreement states that the realtor did not make "any representations, warranties, or agreements, express or implied, including any representation that: (a) the basement, crawl space, or slab area does not incur seepage, leakage, dampness, or standing water[.]" DiCillo also agreed that the purchase agreement states, "Home Warranties DO NOT COVER PREEXISTING DEFECTS in the Property nor preclude the advisability of professional inspection(s)." (Emphasis sic.) DiCillo also stated that when he noticed water in the basement, he called the city's sewer department to check it. His testimony indicates that later Appellants asked Ciro's Sewer Cleaning to look at the basement.
 {¶ 17} In response to Interrogatory No. 14, Appellants stated that they would call Jim Zack, their home inspector, and Ciro's Sewer Cleaning as expert witnesses.
 {¶ 18} The home inspection report indicates "some signs" of basement dampness, and some moderate moisture indicated with a moisture meter, but "mostly low readings." The inspection report also indicates that the basement is full with open walls and ceiling, but with "limited visibility due to extensive storage[.]" The report further indicated that the inspector observed water in the trap of the floor drain, but did not test the drain.
 {¶ 19} In Ciro Grandini's deposition testimony, when asked if he had ever testified as an expert regarding the manner in which a contractor built a home, Grandini replied that he did not consider himself experienced enough to make a judgment call on a general contractor's work.
 {¶ 20} Appellants responded to the motion for summary judgment, stating that Caravona had a duty as the builder-vendor of the house to construct the house in a workmanlike manner, and that duty extends to subsequent purchasers. Appellants stated that their expert, Ciro Grandini, would testify that the builder completed the installation of the water system and its component parts in a manner which was contrary to the building code, and that the flooding problems would have existed prior to Appellants' purchase of the house. Further, Appellants argue that a building inspector does not observe every connection and the connection causing the flooding problems may have been overlooked during the inspection.
 {¶ 21} As stated previously, the trial court granted the motion for summary judgment based upon the lack of privity between Caravona and Appellants.
 {¶ 22} "Privity of contract is not a necessary element of an action in negligence brought by a vendee of real property against the builder-vendor." McMillan v. Brune-Harpenau-TorbeckBuilders, Inc. (1983), 8 Ohio St.3d 3, syllabus. The duty runs to all vendees, both original and subsequent. Id., at 4. Vendees still need to prove the traditional negligence elements: breach of the duty, proximate cause, and damages. Id.
 {¶ 23} The trial court relied upon a case which held that in a contract for services, privity was essential to maintain a cause of action for negligence. The parties argue over the role played by Caravona in the construction of the house: Caravona claims, that as a general contractor, the rule regarding builder-vendor liability does not apply and the trial court is correct in its ruling. Appellants have responded that Caravona was the builder-vendor, and therefore privity is not a requirement to maintain the cause of action. The parties do not elaborate what differences, if any, separate a general contractor from a builder-vendor. Therefore, there remains a genuine issue of material fact as to the role assumed by Caravona in the house construction, and, if its role exposes it to liability, whether Caravona negligently installed the lines at issue. Appellants' first assignment of error is sustained.
 Assignment of Error No. 2
"The trial court erred in granting the summary judgment of defendants-appellees lloyd and sharon prindle since appellants pointed to evidence showing that genuine issues of material fact exist as to each element of the claim of fraudulent misrepresentation."
 {¶ 24} In the second assignment of error, Appellants claim it was error to grant summary judgment to the Prindles on the charge of fraudulent misrepresentation, where the trial court held that Appellants did not prove the elements. This argument is without merit.
 {¶ 25} In the motion for summary judgment, the Prindles argued that they filled out a "Residential Property Disclosure Form," wherein they stated there was no known water leakage, water accumulation, excess dampness, or other defects in the basement. Further, the disclosure form stated that it was not a warranty of any kind or a substitute for any inspections, and, therefore, purchasers were warned to obtain a professional inspection. Also, the purchase agreement contained an "as is" clause. An affidavit from the Prindles was attached to the motion, as well as a copy of the purchase agreement, and a copy of the disclosure form.
 {¶ 26} Appellants responded that the "as is" clause prevented a finding of fraudulent nondisclosure; however, it did not prevent recovery for fraudulent misrepresentation and fraudulent concealment. Appellant argued that because flooding occurred shortly after they took possession, then the Prindles must have known about problems and fraudulently misrepresented and concealed the problems, Appellants' professional inspection notwithstanding. Attached to this response is an affidavit from Appellant, Michael DiCillo, claming that after they took residence in June, flooding in the basement occurred in July and August, which was determined to be attributable to "the improper installation of connections in the storm main and other component parts of the water and/or sewer system." Therefore, Appellants aver that the Prindles did not meet their burden of proof on summary judgment.
 {¶ 27} To recover for fraudulent misrepresentation, a party must show: that there was a representation; or where there was a duty to disclose, concealment of a fact which is material to the transaction; made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; with the intent of misleading another into relying upon it; justifiable reliance upon the representation or concealment; and a resulting injury proximately caused by the reliance. Dennison v. Koba (1993),86 Ohio App.3d 605, 610.
 {¶ 28} In the Appellants' brief to this court, they state that they have other evidence besides Michael DiCillo's affidavit; they have an expert who "will [testify] and that did testify in deposition" and the testimony was "in the possession of the Trial Court during its deliberation[.]" Further, Appellants claim that in their opposition to summary judgment, they made reference to available evidence in the form of rainfall data from the City of Twinsburg. Appellants state, "Furthermore, though the Prindles denied any knowledge of problems, evidence exists that the problems predated the sale, as the improper installation occurred in 1990, such that the Prindles would be on notice of the problems."
 {¶ 29} Although Appellants claim to have evidence of fraudulent misrepresentation, that evidence was not produced when answering the motion for summary judgment. The affidavit of Michael DiCillo was the only evidence proffered to the trial court. In its order, the court does not mention any other evidence from Appellants and Appellants have not affirmatively shown that any other evidence was before the trial court. The trial court found that DiCillo's inference that the Prindles must have known was not sufficient to defeat the motion. We likewise find that Appellants tendered no evidence of fraudulent misrepresentation in their answer to the motion for summary judgment. Therefore, Appellants' second assignment of error is overruled.
 III {¶ 30} Appellants' first assignment of error is sustained. Appellants' second assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further action consistent with this opinion.
Judgment affirmed in part, reversed in part and cause remanded.
Slaby, P.J., and Whitmore, J., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
Slaby, P.J. Whitmore, J., concur.