DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff/Appellants, Thomas M. Loya and Catherine R. Loya ("Buyers"), appeal the decision of the Summit County Court of Common Pleas granting summary judgment to Defendant/Appellees Howard Hanna Smythe Cramer Co. ("Company") and Cathy LeSueur ("Agent") (collectively "Realtor"). We affirm. On April 27, 2005 Buyers offered to purchase a home located in Macedonia, Ohio ("home") from William Scopilliti and Sharon Bernas ("Sellers"). The offer was contingent upon an inspection. Buyers had the home inspected, removed the contingency, and accepted the home "as is." The Buyers moved into the home on June 11, 2005. In August and September of 2005, a creek behind the home overflowed and Buyers discovered water in their basement. The home was waterproofed and was dry until June of 2006, when the creek again overflowed and flooded the basement with seven feet of water.
 {¶ 2} On February 1, 2006, Buyers filed a complaint against Sellers alleging fraud based on Sellers' failure to disclose water and drainage problems at the home, which resulted in *Page 2 
"a severely leaking basement and constant yard drainage problems." The Residential Property Disclosure Form did not disclose any water or drainage problems with the home although it did indicate that a "sump pump [is] required by Summit County."
 {¶ 3} On January 8, 2007, Buyers filed an amended complaint adding Realtor as defendant. Buyers then resolved their dispute with Sellers and dismissed them from the action. On June 26, 2007, Realtor filed a third-party complaint against Sellers. On April 8, 2008, Realtor filed a motion for summary judgment to which Buyers responded and Realtor replied. On July 25, 2008, the trial court granted summary judgment in favor of Realtor and found Realtor's third party claims against Sellers moot.
 {¶ 4} Buyers timely appealed and raise one assignment of error.
 Assignment of Error "The trial court's decision to grant [Realtor's] motion for summary judgment constitutes reversible error."
 {¶ 5} In their sole assignment of error, Buyers argue that the trial court erred when it granted summary judgment in favor of Realtor because there were genuine questions as to whether Agent was aware of the water and drainage problems at the home and fraudulently failed to disclose them to Buyers.
 {¶ 6} We review a trial court's grant of summary judgment de novo, i.e., we apply the same standard a trial court is required to apply when reviewing a trial court's ruling on a motion for summary judgment.Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. We consider whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Id. We construe the evidence in favor of the nonmoving party, and if, upon review, we determine that reasonable minds could only conclude that judgment should be entered in favor of the movant, summary judgment is appropriate. *Page 3 
 Horton v. Harwich Chem. Corp. (1995), 73 Ohio St.3d 679, 686-87. The first step for the trial court, however, is to determine whether there are genuine issues of material fact for trial. Byrd v. Smith,110 Ohio St.3d 24, 2006-Ohio-3455, at ¶ 12.
 {¶ 7} The moving party "`bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.'" Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, quotingDresher v. Burt (1996), 75 Ohio St.3d 280, 293. After the moving party has met its burden, the nonmoving party must set forth specific facts, in a manner provided by Civ. R. 56(E), that demonstrate that there is a genuine issue for trial. Byrd at ¶ 10.
 {¶ 8} In its motion for summary judgment Realtors argued that: (1) there was no evidence that Agent knew of any defects in the home and fraudulently failed to disclose them to Buyers; and (2) Buyers bought the home "as is" and the doctrine of caveat emptor applies. In support of their motion, Realtors attached the amended complaint; portions of the deposition transcript of Scopilliti; the listing agreement; the property disclosure form; portions of the deposition transcript of LeSueur; the offer to purchase, including the amendment which removed the inspection contingency; portions of the deposition transcripts of each Buyer; and portions of the deposition transcript of neighbor Steve Boldin.
 {¶ 9} Buyers opposed the summary judgment motion arguing that there was evidence that Realtor "intentionally concealed and/or failed to disclose and reveal the hidden, latent defects of which they had or should have had knowledge[.]" In support of the brief, Buyers attached their identical affidavits, which made the same contention without any specific allegation as to Agent or citation to any evidence to establish that Agent knew of defects and *Page 4 
failed to disclose them. Buyers also attached photographs of the home and tax map, which Buyers argued demonstrated that the home was partially within a flood plain.
 {¶ 10} The trial court cited the doctrine of caveat emptor and noted an exception to the rule where a buyer can establish fraud. The trial court stated that to establish fraud in this context, a buyer has to prove that a seller's agent had a duty to disclose any facts related to the property to a buyer and that a buyer could justifiably rely upon any such disclosure, especially when the buyer had the property inspected and accepted its condition "as is." In granting summary judgment to Realtor, the trial court found that Buyers did not produce "any evidence that [Realtors] failed to disclose the claimed property defects or intentionally and deliberately concealed facts about the property."
 {¶ 11} "The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor." Layman v. Binns (1988), 35 Ohio St.3d 176, syllabus, citingTraverse v. Long (1956), 165 Ohio St. 249.
 {¶ 12} A cause of action cannot be maintained against the seller or its agent for fraudulent nondisclosure when the property is being sold "as is." Garvey v. Clevidence, 9th Dist. No. 22143, 2004-Ohio-6536, at¶ 21 citing Dennison v. Koba (1993), 86 Ohio App.3d 605, 609. In the instant case, the home was sold "as is" and, thus, any claim for fraudulent nondisclosure is barred.
 {¶ 13} A cause of action can still be maintained for fraudulentmisrepresentation, however. DiCillo v. Prindle, 9th Dist. No. 21618,2004-Ohio-2366, at ¶ 27.
 "To recover for fraudulent misrepresentation, a party must show: that there was a representation; or where there was a duty to disclose, concealment of a fact which *Page 5 
is material to the transaction; made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; with the intent of misleading another into relying upon it; justifiable reliance upon the representation or concealment; and a resulting injury proximately caused by the reliance." Id. citing Dennison, 86 Ohio App.3d at 610.
 {¶ 14} Here, there is no evidence as to the first element of a fraudulent misrepresentation claim. There is no evidence that Agent made any type of representation to Buyers, false or otherwise.
 {¶ 15} Buyers testified that they were represented by their own agent (Glen Campbell) and that they never met Agent. Loya stated that all dealings went through Campbell and that Campbell gave them the completed property disclosure form. Mrs. Loya testified that Campbell told her that Agent never made a statement to him that there had been no prior water problems at the home.
 {¶ 16} Scopilliti testified that he did not recall filling out the residential disclosure form. Bernas testified that Sellers completed the form together and that Agent was present but her involvement was "minimal"; i.e., she only answered questions. Bernas stated that they did not ask any questions related to the water intrusion question (section D) on the form. Bernas testified that Agent did assist with the wording of the first part of Sellers' answer to the drainage/erosion question (section J), which states "property borders city maintained nature preserve," but did not provide any assistance with the second part of the answer, which stated, "flood insurance is not required." Bernas testified that Agent never told them not to disclose anything.
 {¶ 17} Agent testified that she gave the property disclosure form to Sellers and told them she could not help them complete the form, as is custom in her industry. Agent stated that the Sellers completed the form without input from her and that to the best of her knowledge at the time, there were no false statements on the form. *Page 6 
 {¶ 18} Based on the foregoing, it is clear that Agent never made a representation to Buyers and Buyers cannot sustain an action for fraudulent nondisclosure. Accordingly, Buyers failed to establish fraud on the part of Realtor so as to avoid the effect of caveat emptor and Buyers' acceptance of the home "as is." The trial court properly granted summary judgment in favor of Realtor and Buyers' assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellants.
 LYNN C. SLABY FOR THE COURT *Page 7 
 MOORE, P. J. CONCUR *Page 1