[Cite as *Parkstone Capital Partners v. Solon*, 2013-Ohio-3149.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99241**

## PARKSTONE CAPITAL PARTNERS

PLAINTIFF-APPELLEE

vs.

## CITY OF SOLON, OHIO

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-674430

**BEFORE:** Stewart, A.J., S. Gallagher, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 18, 2013

**ATTORNEYS FOR APPELLANT**

Thomas G. Lobe
Thomas G. Lobe Co., L.P.A.
614 West Superior Avenue, Suite 1300
Cleveland, OH    44113

Todd D. Cipollo
Todd D. Cipollo Co., L.P.A.
33977 Chardon Road, Suite 100
Willoughby, OH    44094


**ATTORNEY FOR APPELLEE**

Kenneth J. Fisher
Kenneth J. Fisher Co., L.P.A.
2100 Terminal Tower
50 Public Square
Cleveland, OH    44113


**ATTORNEY FOR INTERVENORS**

Warner Mendenhall
190 North Union Street, Suite 201
Akron, OH    44304

MELODY J. STEWART, A.J.:

{¶1} Plaintiff Parkstone Capital Partners ("Parkstone") brought this declaratory judgment action against the defendant city of Solon asking the court to declare that a single family residential zone in the city was unconstitutional as applied to a parcel of land that it owned, and rezone it to two-family residential. The court declared the zoning ordinance unconstitutional and ordered the city to conduct an election to approve the rezoning. After the electorate soundly voted against the zoning change, the court judicially ordered the zoning changed to two-family residential. The city appeals and offers four arguments in support of reversing the court's judgment: three procedural and one substantive. The procedural arguments claim that Parkstone failed to exhaust its administrative remedies when it dismissed an earlier action on the same zoning issue. The substantive argument is that the court had no authority to judicially rezone the land without a hearing.

I

{¶2} The parties stipulated the facts and do not otherwise contest the relevant procedural posture of the case.

{¶3} The property in question is unimproved land consisting of three permanent parcel numbers, none of which is one acre or more in size. It is located at the southeast quadrant of State Route 91 (SOM Center Road) and Miles Road, in a section of the city zoned R-1-D, single family residential. The R-1-D classification allows only single

family residences on a minimum lot size of one acre and further requires a minimum road frontage of 90 feet. The southwest quadrant of the intersection is likewise zoned R-1-D single family residential while the remaining two quadrants (northeast and northwest) are zoned C-4 motor service commercial. The C-4 classification "is an intensive commercial district that permits a range of uses including gas stations, automobile sales, motels, fast food and sit-down restaurants, and office uses."

{¶4} Parkstone purchased the land in May 2006, aware that the land was zoned single family residential. It asked the city planning commission to rezone the property to C-4 motor service commercial. The city charter mandates that all zoning changes are subject to approval by a majority of the electors, so any requested zoning change is contingent upon the city council passing an ordinance to place the rezoning request on the ballot. In August 2008, the city council voted down an ordinance that would place Parkstone's rezoning request on the ballot.

{¶5} Parkstone filed an administrative appeal with the court of common pleas in Cuyahoga C.P. No. CV-669169. As that appeal was pending, Parkstone filed this declaratory judgment action, Cuyahoga C.P. No. CV-674430, in October 2008. This case was assigned to a different judge. The complaint sought a declaration that the R-1-D single family residential district zoning was unconstitutional as it applied to Parkstone's property because none of the approved uses for the property under the current zoning classification were "reasonable, practical or economically available for use on the Property" or would be so limiting that those uses would leave the property "undeveloped

and void." Parkstone asked the court to rezone the property as C-4 motor service commercial.

{¶6} When the city sought to consolidate CV-674430 with CV-669169, Parkstone filed a Civ.R. 41(A) notice of voluntary dismissal without prejudice in CV-669169. The court then denied the motion to consolidate as moot.

{¶7} In July 2009, Parkstone filed its second amended complaint and changed its position regarding the rezoning classification it desired. While maintaining its previous position that the R-1-D single family residence zoning classification was unconstitutional as applied to the property, it abandoned its request that the court rezone the property to C-4 motor service commercial. Instead, it asked the court to rezone the property to an R-2 two-family residential classification.

{¶8} After the court denied the city's motion for summary judgment, the parties offered the following "stipulation of law":

> The Court has jurisdiction to determine the constitutionality of the current zoning. If the Court determines that the current zoning is unconstitutional, according to case law, the Court may order the City to rezone the property in a constitutional manner. *See Union Oil v. City of Worthington* (1980), 62 Ohio St.2d 263. Article XIV, Sections 1 and 2, of Solon's Charter mandate that all zoning changes be approved by a majority of the electors voting in the City and in each ward in which a zoning change is applicable. Thus, the City may propose a zoning change with regard to this property on the ballot in May 2010. The Plaintiffs would thus reserve the right to come back to Court in the event the electorate rejects the rezoning on the ballot in May 2010 and have this Court judicially rezone the Property in a constitutionally permissive manner; i.e. R-2 Two Family Residential District.

{¶9} In February 2010, the court ruled that the subject lots are not platted within the one acre requirement of a R-1-D single family district and that "the buffering of the adjacent residential lots serves to exclude the subject lots rather than having an incorporating effect." It found that development of two of the three parcels that fronted on State Route 91 would result in driveway access less than the suggested 250 foot minimum from an intersection as established by the State Highway Access Management Manual. It also found that the traffic on both State Route 91 and Miles Road was "significant" and not conducive to single family residential development. Based on these findings, it found it "beyond fair debate" that the R-1-D single family residential district zoning classification was, as applied to the properties, unconstitutional because it was arbitrary, unreasonable, and without substantial relation to the public health, safety, morals, or general welfare of the community. The court ordered the city to "rezone the subject properties in a constitutional manner." It further ordered that in the event the city placed the rezoning request on the May 2010 ballot and the electorate rejected the rezoning, Parkstone "may return to this court and have it judicially rezone the Property in a constitutionally permissive manner."

{¶10} The city did not have sufficient time to put the requested zoning change on the May 2010 ballot, so it was placed on the November 2010 ballot. The electorate overwhelmingly defeated Parkstone's rezoning request: 7,769 opposed to 1,267 in favor. Parkstone then asked the court to judicially rezone the property to the R-2 two-family residential classification. The city obtained new counsel and responded with a motion to

dismiss the complaint on grounds that Parkstone failed to exhaust its administrative remedies by dismissing CV-669169 — the case in which the city council refused to place the rezoning issue on the ballot.

{¶11} The city also filed a motion for relief from judgment, arguing that the stipulations filed by the parties did not give the court the authority to enter judgment. It argued that the stipulations did not purport to resolve all factual issues, but only those on which the parties could agree. In addition, the city claimed that stipulations were intended only to provide a procedural mechanism "should the Court determine the zoning unconstitutional as applied."

{¶12} The court essentially overruled the motion for relief from judgment by asking the parties to submit "good faith arguments as to the implementation of this Court's constitutional rezoning of the subject properties," specifically stating that it would not entertain any argument that the prior R-1-D zoning should be maintained. It then ordered the Parkstone properties rezoned to R-2 two-family residential and ordered Parkstone to submit a new site plan providing for six attached, single-family residences in compliance with the R-2 use classification.

II

{¶13} The procedural questions in this appeal center on Parkstone's filing of CV-669169 and subsequent dismissal of the action. The city maintains first that the court should have consolidated the present case, CV-674430, with the earlier case. Second, it argues that by dismissing CV-669169, Parkstone failed to exhaust its

administrative remedies and should have been barred from prosecuting the present declaratory judgment action.

A

**{¶14}** Civ.R. 42(A) allows the court to consolidate cases "involving a common question of law or fact." The key factors for the court to consider when ordering consolidation are the commonality of issues and whether the parties are substantially the same. *Waterman v. Kitrick*, 60 Ohio App.3d 7, 14, 572 N.E.2d 250 (10th Dist.1990). The usual purpose for consolidation is convenience and to promote judicial economy. *Transcon Bldrs., Inc. v. Lorain*, 49 Ohio App.2d 145, 150, 359 N.E.2d 715 (9th Dist.1976), citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-497, 53 S.Ct. 721, 77 L.Ed. 1331 (1933).

**{¶15}** Parkstone filed its complaint in CV-674430 on October 24, 2008. The case designation form filed with the complaint indicated that the case was related to CV-669169, which was then pending before another judge. The city filed its motion to consolidate CV-674430 with CV-669169 on November 20, 2008. The following day, November 21, 2008, Parkstone dismissed CV-669169 without prejudice.

**{¶16}** In the ordinary practice, the court would have consolidated the cases under Loc.R. 15(H) of the Cuyahoga County Rules of the Court of Common Pleas, General Division. That rule essentially restates Civ.R. 42(A) and allows the court to consolidate actions involving a common question of law or fact. The limitation on consolidation is

that the court must consolidate within 120 days after the complaint is filed. *See* Loc.R. 15(I) of the Cuyahoga County Rules of the Court of Common Pleas, General Division.

**{¶17}** Parkstone's reasons for dismissing CV-669169 are unclear, but Civ.R. 41(A) provides an absolute right to voluntary dismissal. *Strum v. Strum*, 63 Ohio St.3d 671, 675, 590 N.E.2d 1214 (1992). And once a case is voluntarily dismissed, it is as though the case never existed. *Zimmie v. Zimmie*, 11 Ohio St.3d 94, 95, 464 N.E.2d 142 (1984). So Parkstone's dismissal of CV-669169, coming before the court had the opportunity to rule on the motion to consolidate, meant that the court no longer had a second case for consolidation. The court correctly found that the motion to consolidate was rendered moot by the dismissal.

B

**{¶18}** The city next argues that Parkstone's dismissal of CV-669169 constituted a failure to exhaust administrative remedies.

**{¶19}** The concept behind the exhaustion of administrative remedies is to "'prevent premature interference with agency processes'" by allowing administrative agencies to correct their own errors and to allow the parties and reviewing courts to benefit from the expertise that administrative bodies develop through experience. *Dworning v. Euclid*, 119 Ohio St.3d 83, 2008-Ohio-3318, 892 N.E.2d 420, ¶ 9, quoting *Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).

**{¶20}** "The doctrine of failure to exhaust administrative remedies is not a jurisdictional defect to a declaratory judgment action; it is an affirmative defense that may

be waived if not timely asserted *and maintained*." (Emphasis added.) *Jones v. Chagrin Falls*, 77 Ohio St.3d 456, 674 N.E.2d 1388 (1997), syllabus. Affirmative defenses under Civ.R 8(A) are not self-executing and must be "maintained" by way of a motion — usually a motion for summary judgment because affirmative defenses typically require reference to materials outside the complaint and are thus unamenable to disposition by means of a Civ.R. 12(B)(6) motion. *Schneider v. Cuyahoga Cty. Bd. of Cty. Commrs.*, 8th Dist. No. 98936, 2013-Ohio-1900, ¶ 10, citing *State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 109, 579 N.E.2d 702 (1991).

**{¶21}** Although the city listed the failure to exhaust administrative remedies as an affirmative defense in its answer to the complaint, it did not timely maintain the defense because it waited more than two years before raising it as the subject of a motion to dismiss: Parkstone filed its initial complaint in October 2008, but the city did not file a motion to dismiss the complaint on that basis until June 2011. Although Parkstone twice amended its complaint, the latest amendment occurred in August 2009, so it still waited nearly two years from the date of the last amendment before seeking dismissal.

**{¶22}** More problematic for the city is that it waited to file its motion to dismiss the complaint for failure to exhaust administrative remedies until after the court declared the zoning unconstitutional as it applied to the Parkstone property; after the court denied the city's motion to reconsider that declaratory judgment; after the rezoning had been placed on the ballot and rejected by the voters; and after Parkstone applied for a judicial rezoning consistent with the court's declaratory judgment. It is sometimes said that the

doctrine of exhaustion of administrative remedies is "a court-made rule of judicial economy." *G.S.T. v. Avon Lake*, 48 Ohio St.2d 63, 65, 357 N.E.2d 38 (1976). The city's decision to maintain its affirmative defense after all the legal issues had been resolved by the court undermined any proper notion of judicial economy. The city should have raised the issue immediately after Parkstone dismissed CV-669169. By waiting as long as it did, it forfeited the right to maintain the affirmative defense and argue it at this stage.

## C

**{¶23}** In its final procedural argument, the city argues that the court judicially rezoned the property by considering facts not in evidence, and not the subject of the stipulations. The city also argues that the parties were not afforded the benefit of a hearing where the facts and arguments could be considered.

## 1

**{¶24}** At the outset, we note that there is no right to a jury trial in a declaratory judgment action to challenge the validity of a zoning ordinance. *Clark v. Woodmere*, 28 Ohio App.3d 66, 67, 502 N.E.2d 222 (8th Dist.1985). To the extent the city argues that the court's judgment violated its right to a trial by jury, we reject it.

## 2

**{¶25}** The city also argues that the court erred by proceeding to judgment on the stipulations and briefs of the parties because its stipulations were not intended to be all-encompassing on every issue of fact, but instead were stipulations only as to the facts

on which the parties agreed. The city claims it had other evidence, which Parkstone would not stipulate to, that it desired to place before the court for hearing. It argues that the court's rush to judgment meant that the evidence was not considered.

{¶26} Although the court originally denied the motions for summary judgment filed by both parties (one of which was rendered after the parties submitted their stipulations of fact), the judgment the court rendered was premised on the stipulations of fact and law, and thus impliedly, if not explicitly, requested by the parties. Indeed, the city's only objection to the February 2010 judgment, contained in a motion for reconsideration, was to ask the court to amend the judgment entry to state that the city-wide ballot on rezoning the land would occur in November 2010, not May 2010, as the court originally ordered. This motion gave no indication that the city believed the court exceeded its authority by rendering judgment, so the city impliedly concurred in the manner in which judgment issued. Its attempt to raise factual issues after summary judgment had issued was untimely.

{¶27} What is more, the city waited some 16 months after the court declared the R-1-D zoning classification unconstitutional as applied to the Parkstone property before it raised the manner in which the court issued judgment as an issue in a motion for relief from judgment. This motion, filed after the city obtained new counsel, was fatally flawed because it failed to state that the motion was timely made as required by Civ.R. 60(B). *See Svoboda v. Brunswick*, 6 Ohio St.3d 348, 351, 453 N.E.2d 648 (1983) (failure to establish all three essential elements of a Civ.R. 60(B) motion for relief from

judgment requires that motion be denied). In fact, it would be difficult to see how the city could plausibly claim that its motion for relief from judgment was timely made when it waited some 16 months to raise any objection to the manner in which the court proceeded to judgment. Because the city had no objection to the court granting judgment on the briefs, stipulations, and exhibits of the parties, its failure to raise any error at the time indicated that it agreed with the manner in which the court proceeded to judgment.

III

{¶28} The substantive issue raised by the city is that the court erred by ordering the city to conduct a rezoning election and then ignored the results of that election to judicially rezone the property contrary to the clear mandate issued by the voters.

{¶29} It is unclear why the court, having declared the R-1-D zoning classification unconstitutional as applied to the Parkstone properties, nonetheless ordered the parties to propose a zoning change by ballot. The court's order left no doubt that it intended to rezone the land judicially even if the voters rejected the zoning, so the ballot measure was perfunctory.

{¶30} The court may have thought it was implementing the wishes of the parties, as expressed in their stipulations, to conduct an election on a rezoning request in a manner consistent with the city charter. The parties recognized that the city charter required that all zoning changes be approved by a majority of the electors in the city and a majority of the electors in the ward in which the zoning change is requested, so perhaps the parties were simply trying to effect the zoning change in this manner. If indeed that was the

motivation behind the election, the court should not have been a part of that decision. The court made it clear that it would judicially rezone the property regardless of how the citizens voted. This had the effect of telling the citizens of Solon that their votes did not matter. We fail to see why the court ordered the election if it had already determined that the R-1-D zoning classification was unconstitutional and had stated its intention to rezone the property in a constitutionally permissive manner.

{¶31} Despite our criticisms of the manner in which the court allowed the election to occur, we find no legal error. The city does not specifically argue that the court erred by finding the R-1-D zoning classification unconstitutional as applied to the Parkstone property, at least not in a manner that comports with its App.R. 16(A)(7) requirement to file a brief that contains a separate argument with citations to authority. The city's "argument" is contained in a single sentence: "In the instant case, the record is completely void [sic] of any evidence that Solon's zoning regulation is clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community." This is a conclusion, not an argument.

{¶32} In addition, the city ignores the evidentiary material Parkstone offered in support of its own motion for summary judgment and in opposition to the city's motion for summary judgment. That evidence, as found by the court, indicated that retention of the R-1-D single family residential classification posed a potential safety threat because driveway access on Route 91 would be less than the recommended 250 foot minimum set forth in the State Highway Access Management Manual. The court also found that the

volume of traffic at the intersection of Route 91 and Miles Road was significant and not conducive to a single family development. These were significant factors, fully supported by the evidence, justifying the court's judgment. And it bears noting that the city's argument before this court does not actually cite any of its own evidence to show why the court erred in Parkstone's favor. The recitation of legal conclusions without reference to facts will not suffice to show reversible error.

{¶33} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
EILEEN A. GALLAGHER, J., CONCUR