[Cite as *Washington Mut. Bank v. Litvin*, 2014-Ohio-4670.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100409**

# WASHINGTON MUTUAL BANK, ET AL.

PLAINTIFFS-APPELLEES

vs.

# RAYMOND LITVIN, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-08-659389

**BEFORE:** Jones, J., Boyle, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 23, 2014

**ATTORNEY FOR APPELLANT RAYMOND LITVIN**

Donald R. Murphy
12800 Shaker Blvd.
Suite 200
Cleveland, Ohio 44120

**ALSO LISTED**

Lakeesha A. Mathews, pro se
24885 Twickenham Drive
Beachwood, Ohio 44122

**ATTORNEYS FOR APPELLEES**

Channing L. Ulrich
Jennifer Schaeffer
Lerner Sampson & Rothfuss
120 East Fourth Street, 8th Floor
Cincinnati, Ohio 45202-4997

Daniel C. Gibson
Nelson M. Reid
Bricker & Eckler L.L.P.
100 South Third Street
Columbus, Ohio 43215

LARRY A. JONES, SR., J.:

**{¶1}** Defendant-appellant Raymond Litvin appeals from the trial court's August 29, 2013 judgment denying his Civ.R. 60(B) motion for relief from judgment. We affirm.

I. Procedural History and Facts

**{¶2}** In May 2008, plaintiff-appellee, Washington Mutual Bank, f.k.a. Washington Mutual Bank FA, initiated this foreclosure proceeding against Litvin and Jane Doe, Litvin's unknown spouse. The bank sought to foreclose on property located on Twickenham Drive in Beachwood, Ohio. A special process server was appointed to serve the summons and complaint on the defendants.

**{¶3}** Docket entries for May 27, 2008, indicate that on May 21, 2008, the special process server served Litvin at the Twickenham Drive address, but not Jane Doe because "no spouse or not married." On June 27, 2008, the bank moved for default judgment. The trial court set a September 3, 2008 hearing date for the motion for default judgment, and on August 12, 2008, the bank issued notice of the hearing to Litvin.

**{¶4}** The default hearing was held, and the magistrate issued a decision granting the bank's motion. The bank filed objections to the omission of language regarding the sheriff sale deposit. The trial court overruled the objections.

**{¶5}** In January 2009, by a "separate and distinct instrument," the trial court adopted the magistrate's decision, granted judgment in favor of the bank and against Litvin, and granted a decree of foreclosure for the bank. Nine dates were set for the sale

of the property.[1]   The sale was continued four times because of bankruptcy proceedings Litvin filed.[2]   The sale was continued another four times either because the bank was reviewing its internal proceedings for the foreclosure or the bank and Litvin were in negotiations to attempt to modify Litvin's loan.   The sale finally took place on July 15, 2013.

{¶6} On July 17, 2013, Litvin filed a motion to stay confirmation of the sale on the ground that he was working with an organization with the hope of modifying or reorganizing his mortgage.   The trial court granted Litvin's motion, and stayed confirmation of the sale until August 30, 2013.

{¶7} On August 14, 2013, Litvin filed a motion for relief from judgment under Civ.R. 60(B).   The trial court denied the motion, and Litvin challenges that denial in his sole assignment of error.

## II. Law and Analysis

{¶8} The trial court is vested with discretion in determining whether to grant a motion for relief from judgment under Civ.R. 60(B), and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion.   *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).   An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable.   *Blakemore v.*

---

[1]The dates were: April 2009; August 2009; May 2010; October 2010; March 2012; August 2012; December 2012; April 2013; and July 2013.

[2]When the bankruptcy court dismissed Litvin's final proceeding that affected this case in May 2012, it enjoined Litvin from filing another bankruptcy petition for 180 days.

*Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶9}** Civ.R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

**{¶10}** To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that:

(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976).

**{¶11}** A failure to establish any one of the foregoing circumstances is ordinarily fatal to a Civ.R. 60(B) motion. *Rose Chevrolet, Inc.* at *id.* (stating that the trial court should overrule a Civ.R. 60(B) motion if the movant fails to meet any one of the foregoing three requirements); *GTE* at 151 (stating that the three requirements are "conjunctive").

**{¶12}** In his motion, Litvin sought relief from judgment on the grounds of mistake, inadvertence, excusable neglect, fraud, or any other reason justifying relief from the

operation of judgment.    He also contended that he had newly discovered evidence.

**{¶13}** Litvin submitted his affidavit in support of his motion.    In his affidavit, Litvin averred that he was not served by the special process server with the summons and complaint.    He contacted the special process server who had no recollection of personally serving Litvin and informed Litvin that the signature on the return of service was not his (the special process server's).

**{¶14}** Litvin further averred that he first learned of this action in December 2008, when counsel for the bank sent him a copy of the complaint.    Upon receiving the complaint, Litvin called the court and was informed that a judgment had been issued against him.    Litvin averred that he then attempted   to obtain a loan modification, but unbeknownst to him, the bank closed his case.    A new loan modification process was started in January 2013.    In April 2013, Litvin was notified that he did not qualify for a loan modification.

### *GTE* Timeliness Requirement

**{¶15}** Final judgment was rendered against Litvin in January 2009.    Litvin filed his motion for relief from judgment in August 2013.    Thus, for his requests for relief under Civ.R. 60(B)(1), (2), and (3), which were required to have been made within one year from judgment, was untimely.

**{¶16}** Further, Litvin did not at the trial court level, or here on appeal, adequately explain the reason for his delay of over three and a half years, especially in light of the fact that he admitted he learned of the judgment against him in December 2008 (which was

before the trial court rendered final judgment in January 2009). Thus, he has failed to establish the third *GTE* requirement for relief from judgment under Civ.R. 60(B)(1)-(3), that the motion be made within one year from the judgment. He also did not offer any explanation for the delay in regard to his request for relief under the catchall provision of Civ.R. 60(B)(5), "any other reason justifying relief from judgment."

{¶17} On this record, the trial court did not abuse its discretion in denying Litvin's Civ.R. 60(B) motion because it was untimely filed. *See Parkstone Capital Partners v. Solon*, 8th Dist. Cuyahoga No. 99241, 2013-Ohio-3149, ¶ 27 (motion for relief from judgment was "fatally flawed" because it failed to state that the motion was timely made as required by Civ.R. 60(B)). Moreover, although the untimeliness of the motion is dispositive, we also find that Litvin failed to meet the other two *GTE* requirements.

**GTE Requirement of Entitlement to Relief under Civ.R. 60(B) Grounds**

{¶18} Litvin contends that he had a grounds for relief under Civ.R. 60(B)(1), based on mistake, inadvertence, or excusable neglect, because he was never served with the complaint. On review, we find his claim not well taken.

{¶19} When a party complies with the civil rules for service of process, "courts presume that service is proper," unless that presumption is rebutted with "evidentiary-quality information demonstrating that he or she did not receive service." *McWilliams v. Schumacher*, 8th Dist. Cuyahoga No. 98188, 2013-Ohio-29, ¶ 49, 51. The burden rests with the "party attempting to avoid jurisdiction [to show] a defect or irregularity in the process." *Patterson v. Patterson*, 8th Dist. Cuyahoga No. 86282,

2005-Ohio-5352, ¶ 15.

{¶20} The record here shows that the personal process server served Litvin on May 21, 2008, at the Twickenham address. Litvin did not submit an affidavit from the special process server disputing this, but, rather, averred in his own affidavit to alleged statements made to him by the process server. These hearsay statements were not sufficient to demonstrate that Litvin was not served.

{¶21} In light of the above, Litvin failed to establish a ground for relief under Civ.R. 60(B)(1).

{¶22} We are also not persuaded by Litvin's contention that he was entitled to relief under Civ.R. 60(B)(2) and (3), on the grounds of newly discovered evidence demonstrating fraud. In his motion, Litvin contended that in November 2010 he requested a forensic audit of the property. The audit was completed and, as a result thereof, "multiple violations" were discovered, which were alleged to have been committed by the mortgage company, title company, and the bank. The motion also alleged irregularities with the valuation of the property.

{¶23} But this alleged "newly discovered" evidence of fraud was not sufficient to support fraud for the purpose of a Civ.R. 60(B) motion. Specifically, Civ.R. 60(B)(3) contemplates fraud or misconduct in obtaining the judgment, not fraud or misconduct amounting to a defense in the case itself. *U.S. Bank, N.A. v. Corley*, 6th Dist. Lucas No. L-13-1117, 2013-Ohio-4626, ¶ 13. Litvin's claims relate to conduct that could amount to a defense, but he failed to provide any operative facts demonstrating that the bank

committed fraud or misconduct in pursuing the foreclosure action. Civ.R. 60(B)(3), therefore, is inapplicable. Moreover, many of claims in this regard relate to people or entities who were not parties to this action.

**{¶24}** Additionally, we do not find that Litvin has set forth grounds demonstrating that this was an extraordinary and unusual case where the interests of justice warranted relief under Civ.R. 60(B)(5). *See Settonni v. Settonni*, 8th Dist. Cuyahoga No. 97784, 2012-Ohio-3084, ¶ 35. Litvin, therefore, failed to establish the second *GTE* prong.

**Meritorious Defense or Claim**

**{¶25}** Litvin contends on appeal that his meritorious defense to this action was that the bank did not have standing. He never raised that argument at the trial court level and, therefore, is now barred from asserting it. *MacConnell v. Ohio Dept. of Commerce*, 10th Dist. Franklin No. 04AP-433, 2005-Ohio-1960, ¶21 (a party generally waives the right to appeal an issue that could have been, but was not, raised in earlier proceedings). Accordingly, Litvin failed to the satisfy the first prong of the *GTE* test.

### III. Conclusion

**{¶26}** Final judgment in this case was entered in January 2009. Litvin filed his motion for relief from judgment in August 2013. The untimeliness of the motion was dispositive as to Litvin's claims for relief under Civ.R. 60(B)(1), (2), and (3). We also find it was dispositive as to his claim under Civ.R. 60(B)(5).

**{¶27}** Although not required to so find, we further find that Litvin failed to meet the other two requirements for a successful Civ.R. 60(B) motion, that being, that he had a

meritorious claim or defense and that he was entitled to relief under one of the Civ.R. 60(B)(1)-(5) grounds.

**{¶28}** In light of the above, Litvin's sole assignment of error is overruled.

**{¶29}** Judgment affirmed.


It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.


A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____

LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, A.J., and
EILEEN A. GALLAGHER, J., CONCUR