[Cite as *Buck v. Milano*, 2014-Ohio-5640.]

STATE OF OHIO       )
                       )ss:
COUNTY OF SUMMIT       )

|  |  |
|---|---|
| STATE OF OHIO )<br>)ss:<br>COUNTY OF SUMMIT ) | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| JEFFREY BUCK<br><br>    Appellant<br><br>    v.<br><br>STEVE MILANO, et al.<br><br>    Appellees | C.A. No.     26463<br><br><br>APPEAL FROM JUDGMENT<br>ENTERED IN THE<br>COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO<br>CASE No.     2010 11 7647 |

DECISION AND JOURNAL ENTRY

Dated: December 23, 2014

CARR, Judge.

{¶ 1} Jeffrey Buck has appealed the trial court's May 2, 2012 decision, which granted summary judgment in favor of defendants on his defamation complaint. For the reasons set forth below, we reverse the trial court's decision and remand for further proceedings.

I.

{¶ 2} On November 15, 2010, Jeffrey Buck filed a complaint for defamation against two Village of Reminderville councilmen, Steve Milano and Edward Walter, alleging that they "falsely and maliciously accused [him] of committing criminal acts and other disreputable acts and spread those false allegations [to the public], resulting in both job-related and reputational damages * * *." One year earlier, Buck had filed a related lawsuit against the Village of Reminderville and a police sergeant, Michael Varga, also alleging defamation. Both lawsuits arose out of an email written by Varga about Buck's performance as Police Chief for the Village of Reminderville.

**{¶ 3}** On April 25, 2012, Buck moved the trial court to consolidate the two cases, arguing that consolidation was necessary because the cases involved the same set of facts and discovery in the two cases had been consolidated. The trial court implicitly denied that motion when it issued its final judgment granting defendants' motion for summary judgment. Buck appealed and presented one assignment of error for review.

II.

Assignment of Error

THE TRIAL COURT ERRED BY GRANTING THE DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT.

**{¶ 4}** Buck argued on appeal that the trial court erred when it granted appellees' motion for summary judgment. Upon review of the record and briefs in this matter, this Court asked the parties for further briefing pursuant to *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667. Specifically, we questioned whether the trial court's failure to consolidate the two related cases was reversible error.

**{¶ 5}** The parties have now responded. While both agree that consolidation is within the trial court's discretion, they disagree as to whether an abuse of discretion occurred. Appellees contend that the trial court properly declined to consolidate the two cases because no risk of inconsistent adjudications exists. They reason that the two alleged acts of defamation occurred at different times and, therefore, are distinct from one another. Buck, in contrast, contends that the motion should have been granted to avoid the risk of inconsistent adjudications. According to Buck, the issues yet to be resolved in the first case are intertwined with the current matter and should be determined as one.

**{¶ 6}** Under Civ.R. 42, "when actions involving a common question of law or fact are pending before a court, that court after a hearing may order a joint hearing or trial of any or all

the matters in issue in the actions; it may order some or all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." *See, also,* Loc.R. 16.01 of the Court of Common Pleas of Summit County, General Division (requiring civil cases to be consolidated into the lowest case number after a determination that consolidation is appropriate under Civ.R. 42).

{¶ 7} In determining whether claims should be heard separately or together, various issues are considered, including judicial resources, expense to the parties, and the risk of inconsistent adjudications. *See, e.g., Parkstone Capital Partners v. Solon*, 8th Dist. Cuyahoga No. 99241, 2013-Ohio-3149, ¶ 14, citing *Transcon Builders, Inc. v. Lorain*, 49 Ohio App.2d 145, 150 (9th Dist.1976). *See generally* 9A Fed. Prac. & Proc. Civ. 2383, Consolidation—Discretion of Court (3d ed.); *see also* George, *Parallel Litigation*, 51 Baylor L. Rev. 769, 775-76 (1999) (discussing duplicative litigation). *See also* McCoid, II, *Inconsistent Judgments*, 48 Wash. & Lee L. Rev. 487 (1991) (addressing the concerns involved with inconsistent adjudications as a result of parallel litigation.). Generally, courts favor consolidation whenever possible. *See* Annotation, *Propriety of Consolidation for Trial of Actions for Personal Injuries, Death, or Property Damages Arising out of Same Accident*. 68 A.L.R.2d 1372 (1959).

{¶ 8} Here, the issues and parties in the two cases overlap considerably, so much so that discovery had been consolidated. Given the degree to which these cases are intertwined, we conclude that the failure to consolidate them created a significant risk of inconsistent adjudications. Accordingly, we hold that the trial court abused its discretion when it did not grant Buck's April 25, 2012 motion to consolidate. This Court reverses the judgment of the trial court granting summary judgment in favor of appellees and remand this matter to the trial court for further proceedings consistent with this opinion.

III.

**{¶ 9}** The judgment is reversed and the cause remanded to the trial court for further proceedings consistent with this decision.

Judgment reversed and
cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

KENNETH D. MYERS, Attorney at Law, for Appellant.

JOHN D. LATCHNEY, Attorney at Law, for Appellee.